**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
                                          :
SECURITIES AND EXCHANGE COMMISSION,       :
                                          :
                      Plaintiff,          :    Civ. No. 04-2276 (SJF)(WDW)
                                          :
        - against-                        :
                                          :    **Oral Argument Requested**
SYMBOL TECHNOLOGIES, INC., et al.,        :
                                          :
                      Defendants.         :
                                          :
------------------------------------------------------------------x

### PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR SANCTIONS AGAINST DEFENDANT TOMO RAZMILOVIC

Plaintiff Securities and Exchange Commission ("the Commission"), through its attorneys, submits this Memorandum of Law in support of its motion, pursuant to Rule 37 of the Federal Rules of Civil Procedure, for an entry of a default judgment against Tomo Razmilovic ("Razmilovic") for his failure to comply with this Court's discovery order.

### FACTUAL BACKGROUND

Razmilovic was President and Chief Executive Officer of Symbol Technologies, Inc. ("Symbol") from July 2000 until his resignation in May 2002. He was also a member of Symbol's Board of Directors from 1995 until his departure. (Declaration of Burk Burnett dated December 10, 2009 ("Burnett Decl.") at ¶ 2).

On June 3, 2004, the Commission filed its complaint in this matter (the "Complaint") charging Razmilovic, along with other defendants, with violations of the Securities Act of 1933 and the Securities Exchange Act of 1934 stemming from widespread accounting fraud and other misconduct. (Burnett Decl. at ¶ 3). On May 28, 2004, the United States Attorney's Office for the Eastern District of New York indicted Razmilovic for the same conduct alleged in the

Compliant and issued a warrant for his arrest. (*Id.*). At the time of his indictment Razmilovic was in the United Kingdom. To avoid being extradited from the United Kingdom, Razmilovic fled to Croatia and then to Sweden where he currently resides. (*Id.* at ¶ 2). He failed to appear for his arraignment or any stage of his criminal proceeding and remains a fugitive from justice and is on the federal authorities' 'WANTED' list. (*Id.* at ¶ 3).

On July 21, 2009, the Commission served a Notice of Deposition scheduling Razmilovic's deposition for September 28, 2009 at the Commission's offices in Manhattan. (*Id.* at ¶ 4). On September 11, 2009, Razmilovic's counsel informed the Commission that Razmilovic was abroad, and proposed that the Commission depose him abroad either by traveling there or by videoconference or telephone. (*Id.*). The Commission rejected the proposal and confirmed its intent to depose Razmilovic in person in New York. (*Id.*). On September 23, 2009, Razmilovic's counsel advised the Commission that Razmilovic would not appear in person for a deposition in the United States. (*Id.*).

In light of Razmilovic's failure to appear in accordance with the properly noticed deposition, on September 29, 2009, the Commission filed a motion to compel Razmilovic to appear in person for a deposition at the Commission's offices in New York. (*Id.* at ¶ 5). On October 9, 2009, the Court entered an order (the "Order") that, among other things, granted the Commission's motion to compel an in person deposition of Razmiliovic. (*Id.* at ¶ 6). Furthermore, the Order specifically warned Razmilovic that failure to appear for his in person deposition may result in sanctions imposed against him (and his counsel), including a default judgment. (*Id.*).[1] Following this Court's Order, on October 13, 2009, the Commission proposed to Razmilovic multiple dates to schedule his deposition. (*Id.* at ¶ 7). On October, 15, 2009,

---

[1] The Commission does not seek sanctions against Razmilovic's counsel in this motion.

Razmilovic informed the Commission that, notwithstanding the Court's Order, he would not appear for his court-ordered deposition. (*Id.* at ¶ 8). Outside of his desire to avoid criminal prosecution, Razmilovic has never proffered any reason for not attending his deposition.

## ARGUMENT

### The Court Should Enter A Judgment By Default Against Razmilovic

Rule 37(b)(2)(A)(i)-(vii) of the Federal Rules of Civil Procedure provides the Court with the ability to impose a wide range of sanctions upon a party such as Razmilovic who willfully fails to obey a lawful Court order, including rendering a default judgment against the disobedient party. *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 642 (1976); Fed.R.Civ.P. 37(b)(2)(A)(vi). Razmilovic's failure to appear at his own deposition also implicates Rule 37(d)(3) of the Federal Rules of Civil Procedure, which authorizes the Court to impose sanctions enumerated in Rule 37(b)(2)(A)(i)-(vi) if "a party . . . fails, after being served with proper notice, to appear for that person's deposition." Fed.R.Civ.P. 37(d)(1)(A)(i).

The Second Circuit Court of Appeals has "'emphasize[d] the importance [it] places on a party's compliance with discovery orders,' and warned that '[a] party who flouts such orders does so at his peril.'" *Sieck v. Russo,* 869 F.2d 131, 133 (2d Cir.1989) (quoting *Update Art, Inc. v. Modiin Pub., Ltd.*, 843 F.2d 67, 73 (2d Cir.1988)). Promoting compliance with discovery obligations is of such paramount importance that even the "most severe" sanction may be imposed by a district court "not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." *National Hockey League*, 427 U.S. at 643 (1976) (affirming sanction of dismissal for violation of Fed. R. Civ. P. 37); *see also, Agiwal v. Mid Island Mortgage Corp.*, 555 F.3d 298 (2d Cir. 2009) (affirming dismissal of action under Fed. R. Civ. P. 37 for failing to

3

attend deposition and defying other court orders); *Bobal v. Rensselaer Polytechnic Inst.*, 916

F.2d 759 (2d Cir. 1990) (affirming sanction of dismissal for plaintiff's refusal to obey an order

for her to attend her deposition pursuant to Fed. R. Civ. P. 37(d)); *Sieck v. Russo*, 869 F.2d 131

(stating that the district court acted within its authority in entering default judgments because the

defendants failed to appear for their depositions); *SEC v. Euro Security Fund, et al.*, No. 98 Civ.

7347 2009 WL 2709316 (S.D.N.Y. Aug. 27, 2009) (default judgment entered against defendants

pursuant to Fed. R. Civ. P. 37 for noncompliance of discovery orders).

The following factors have been used by the courts when considering the entry of a

judgment by default as a sanction:

> (1) the willfulness of the non-compliant party or the reason for noncompliance;
> (2) the efficacy of lesser sanctions;
> (3) the duration of the period of noncompliance; and
> (4) whether the non-compliant party had been warned of the consequences of noncompliance.

*Agiwal*, 555 F.3d at 302; *SEC v. Euro Security Fund*, 2009 WL 2709316 at *4. The application

of each of these factors to the present action demonstrates that the entry of a default judgment

against Razmilovic is warranted. Although never actively participating in this litigation,

Razmilovic's noncompliance became abundantly clear with his September 11, 2009 letter stating

that he would not appear for a deposition.[2] The noncompliance is clearly willful given

Razmilovic's stated reason for refusing to attend a deposition – the outstanding warrant for his

arrest. Razmilovic has since flouted this Court's Order compelling his in person deposition,

which contained an unambiguous warning that failure to appear in person for a deposition may

result in a default judgment being entered against him. Lesser sanctions are unlikely to be

efficacious given his long standing and categorical refusal to enter the United States. Moreover,

---

[2] Arguably, Razmilovic began flouting the judicial process in March 2004 when he became a fugitive from justice in the parallel criminal matter.

discovery for this matter is now concluded and the Commission is preparing for a trial that is only weeks away. The Commission has been severely prejudiced (both in its case against him as well as in its case against the other defendants) by Razmilovic's failure to appear for deposition. Razmilovic was not an ordinary employee at Symbol – he was the CEO who presumably had knowledge concerning the acts occurring at the company. It is equally unjust that Razmilovic is forcing the Commission to prepare for trial in light of his conduct. A party to a litigation should not be permitted to spurn a basic discovery request and a lawful court order and still demand the right to a trial on the merits.

<u>**CONCLUSION**</u>

For the reasons set forth, the Commission requests that the Court enter a judgment by default against Razmilovic as to all counts in the Complaint for his willful failure to honor this Court's Order and the discovery request of the Commission.

Dated: December 10, 2009                          Respectfully submitted,

                                            _____/s/ Todd D. Brody_____
                                            Todd D. Brody
                                            Senior Trial Counsel
                                            Securities and Exchange Commission
                                            3 World Financial Center
                                            New York, NY  10281
                                            Telephone:  (212) 336-0080
                                            Facsimile:  (212) 336-1324