**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------------x
:
**SECURITIES AND EXCHANGE COMMISSION,**          :
:
                           **Plaintiff,**          :    **Civ. No. 04-2276 (SJF)(WDW)**
:
    **- against-**          :
:    <u>**Oral Argument Requested**</u>
**SYMBOL TECHNOLOGIES, INC., et al.,**          :
:
                       **Defendants.**          :
:
-------------------------------------------------------------------------x

### DECLARATION OF BURK BURNETT IN SUPPORT OF PLAINTIFF'S
### <u>MOTION FOR SANCTIONS AGAINST DEFENDANT TOMO RAZMILOVIC</u>

I, Burk Burnett, pursuant to 28 U.S.C. § 1746, declare as follows:

1.    I am over 18 years of age and am employed as an attorney for the Plaintiff in this

action, United States Securities and Exchange Commission ("Commission") at the

Commission's New York Regional Office.  I am a member of the bar of this Court and submit

this Declaration in support of the Commission's Motion for Sanctions Against Defendant Tomo

Razmilovic ("Razmilovic"), pursuant to Fed. R. Civ. P. 37.

2.    Razmilovic currently resides in Sweden.  He was President and Chief Executive

Officer of Symbol Technologies, Inc. ("Symbol") from July 2000 until his resignation in May

2002.  He was also a member of Symbol's Board of Directors from 1995 until his departure.

3.    On June 3, 2004, the Commission filed a complaint (the "Complaint") charging

Razmilovic, together with other defendants, with violations of the Securities Act of 1933 and the

Securities Exchange Act of 1934 stemming from a widespread accounting fraud and other

misconduct.  On May 28, 2004, the United States Attorney's Office for the Eastern District of

New York indicted Razmilovic for the same conduct alleged in the Compliant and issued a

warrant for his arrest. Razmilovic failed to appear for his arraignment or any stage of his

criminal proceeding and remains a fugitive from justice and is on the federal authorities'

'WANTED' list. (A copy of the U.S. Postal Inspection Service's "WANTED" poster for

Razmilovic is attached as Exhibit A).

    4.    On July 21, 2009, the Commission served a Notice of Deposition scheduling

Razmilovic's deposition for September 28, 2009 at the Commission's offices in Manhattan. (*See*

Exhibit B). On September 11, 2009, Razmilovic's counsel informed the Commission that

Razmilovic was abroad, and proposed that the Commission depose him abroad either by

traveling there or by videoconference or telephone. (*See* Exhibit C). The Commission rejected

the proposal and confirmed its intent to depose Razmilovic in person in New York. (*See* Exhibit

D). On September 23, 2009, Razmilovic's counsel advised the Commission that Razmilovic

refused to appear in person for a deposition in the United States. (*See* Exhibit E).

    5.    On September 29, 2009, the Commission filed a motion with this Court to compel

Razmilovic to appear in person for a deposition at the Commission's offices in New York. (*See*

Exhibit F).

    6.    On October 9, 2009, the Court entered an order (the "Order") that, among other

things, granted the Commission's motion to compel an in person deposition of Razmiliovic on or

before October 22, 2009. Furthermore, the Order warned Razmilovic that failure to appear for

his in person deposition may result in sanctions imposed against him, including a default

judgment. (*See* Exhibit G).

    7.    On October 13, 2009, the Commission proposed to Razmilovic by letter multiple

dates to schedule his deposition. (*See* Exhibit H).

8.     On October, 15, 2009, Razmilovic informed the Commission that he would not

comply with this Court's Order compelling him to appear in person for his deposition. (*See*

Exhibit I). I understand that Counsel for Razmilovic has informed the Commission on numerous

occasions that the reason why Razmilovic will not attend a deposition in the United States is

because of the outstanding arrest warrant.

9.     Accordingly, the Commission requests that the Court sanction Razmilovic by

entering a judgment by default against him as to all counts in the Complaint for his willful failure

to honor this Court's Order and the properly issued discovery request of the Commission.

I declare under penalty of perjury that the foregoing is true and correct.

Executed:     New York, New York
              December 10, 2009

                         /s/ Burk Burnett
                         SECURITIES AND EXCHANGE COMMISSION
                         New York Regional Office
                         3 World Financial Center
                         New York, NY 10281
                         Telephone: (212) 336-0037
                         Facsimile: (212) 336-1317
                         burnettb@sec.gov

3

# EXHIBIT A



# WANTED
## U.S. POSTAL INSPECTION SERVICE

## $100,000 reward for information leading to the arrest and conviction of Tomo Razmilovic





TOMO RAZMILOVIC

| | |
|---|---|
| **Violations:** | Conspiracy to commit securities fraud, 18 USC 371. Thirteen counts of securities fraud, 15 USC 78j(b), 78m(a) and 78ff. |
| **Case No.:** | 1144-1366960-FC(1) |
| **NCIC No.:** | W306000777 |
| **FBI No.:** | none |
| **Warrant No.:** | Issued on May 28, 2004, by U.S. District, Eastern District of New York, Brooklyn, NY |
| **Aliases:** | none |
| **DOB:** | May 31, 1942, Split, Croatia |
| **Description:** | 5' 11", 205 lbs., gray hair, blue eyes |
| **Occupation:** | Corporate executive |
| **Misc. Info.:** | Photograph taken September 1994 |

Tomo Razmilovic is the former CEO of Symbol Technologies, Inc., a public company. He is accused, with others, of carrying out a securities-related accounting fraud scheme wherein the investing public lost more than $200 million. He is now believed to be in Sweden.

### TAKE NO ACTION TO APPREHEND THIS PERSON YOURSELF

If you have any information about this incident, please contact the U.S. Postal Inspection Service at 1-877-876-2455.

All information will be kept strictly confidential.

# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : |
| | : |
| **Plaintiff,** | : |
| | : |
| -against- | : **No. 2:04-CV-02276** |
| | : **(SJF)(WDW)** |
| SYMBOL TECHNOLOGIES, INC., TOMO | : |
| RAZMILOVIC, KENNETH JAEGGI, LEONARD | : **TOMO RAZMILOVIC** |
| GOLDNER, BRIAN BURKE, MICHAEL | : **NOTICE OF DEPOSITION** |
| DEGENNARO, FRANK BORGHESE, | : **UPON ORAL EXAMINATION** |
| CHRISTOPHER DESANTIS, JAMES | : |
| HEUSCHNEIDER, GREGORY MORTENSON, | : |
| JAMES DEAN AND ROBERT DONLON, | : |
| | : |
| **Defendants.** | : |
| | : |

---

PLEASE TAKE NOTICE that, pursuant to Rules 26 and 30 of the Federal Rules of Civil

Procedure, plaintiff Securities and Exchange Commission will take the deposition upon oral

examination, before a notary public or other officer authorized by law to administer oaths, of the

following person at the date, time and location indicated below:

WITNESS:     Tomo Razmilovic
             c/o David E. Nachman, Esq.
             DLA Piper Rudnick Gray Cary US LLP
             1251 Avenue of the Americas
             New York, NY 10020

DATE/TIME:   September 28, 2009 at 10:00 a.m.
             or at such other date and time as agreed upon by counsel.

PLACE:       U.S. Securities and Exchange Commission
             3 World Financial Center, 4th Floor
             New York, NY 10281
             or at such other place as agreed upon by counsel.

The deposition shall continue as required until concluded and be recorded by video and stenographic means. You are invited to attend and participate.

Dated: July 21, 2009
      New York, New York

SECURITIES AND EXCHANGE COMMISSION

By: _____

    Jess Velona (JV-6027)
    3 World Financial Center
    New York, New York 10281
    Tel: (212) 336-0180
    Fax: (212) 336-1317

    Attorney for Plaintiff

2

## CERTIFICATE OF SERVICE

I hereby certify that, on July 21, 2009, I served the foregoing Notice of Deposition Upon Oral Examination by Federal Express as follows:

Ronald C. Minkoff, Esq.
Frankfurt Kurnit Klein & Selz, P.C.
488 Madison Avenue
New York, NY 10022
Attorneys for Defendant James Heuschneider

Bradley Simon, Esq.
Simon & Partners LLP
30 Rockefeller Plaza
New York, NY 10112
Attorneys for Defendant Frank Borghese

Michael S. Sommer, Esq.
Wilson Sonsini Goodrich & Roasti, P.C.
1301 Avenue of the Americas, 40th Floor
New York, NY 10019
Attorneys for Defendant Michael DeGennaro

Steven F. Molo, Esq.
Shearman & Sterling LLP
599 Lexington Avenue
New York, NY 10022
Attorneys for Defendant Kenneth Jaeggi

David E. Nachman, Esq.
DLA Piper Rudnick Gray Cary US LLP
1251 Avenue of the Americas
New York, NY 10020
Attorneys for Defendant Tomo Razmilovic

Jess Velona

3

# EXHIBIT C



**DLA Piper LLP (US)**
701 Fifth Avenue, Suite 7000
Seattle, Washington 98104-7044
www.dlapiper.com

Jeffrey B. Coopersmith
jeff.coopersmith@dlapiper.com
T  206.839.4847
F  206.494.1795

September 11, 2009

*Via E-Mail  BrodyT@sec.gov*

Todd D. Brody
Senior Trial Counsel
Securities and Exchange Commission
3 World Financial Center
New York, NY 10281

**Re:    SEC v. Symbol Technologies, Inc., et al., 04 CV 2276 (SJF)**

Dear Todd:

   I am writing with regard to your notice of deposition for Mr. Razmilovic.  As you know, Mr. Razmilovic is abroad.  Please let us know whether you wish to make arrangement to take Mr. Razmilovic's deposition abroad, either in person or by videoconference or telephone.

   Thank you, and best regards.

                              Very truly yours,

                              **DLA Piper LLP (US)**

                              Jeffrey B. Coopersmith
                              Partner

                              Admitted In Washington, California,
                              and the District of Columbia

cc:    David Nachman

WEST\21794723.1

# EXHIBIT D



**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
NEW YORK REGIONAL OFFICE
THREE WORLD FINANCIAL CENTER
SUITE 400
NEW YORK, NEW YORK 10281-1022

September 11, 2009

<u>Via Electronic Mail</u>

Jeffrey B. Coopersmith
DLA Piper LLP
701 Fifth Avenue, Suite 7000
Seattle, Washington 98104-7044
jeff.coopersmith@dlapiper.com

     **Re:**   <u>**SEC v. Symbol Tech., Inc., et al., No. 04-cv-2276 (SJF)**</u>

Dear Mr. Coopersmith:

     I write in response to your letter dated September 11, 2009 regarding the deposition of your client, Tomo Razmilovic. We do not agree to your proposal that Mr. Razmilovic be deposed either abroad or by videoconference or telephone. As set out in our notice of deposition, we intend to depose Mr. Razmilovic on September 28, 2009 in our office in New York.

     Sincerely,

     Joseph Boryshansky

cc:  David Nachman
     Todd Brody

# EXHIBIT E



**DLA Piper LLP (US)**
701 Fifth Avenue, Suite 7000
Seattle, Washington 98104-7044
www.dlapiper.com

Jeffrey B. Coopersmith
jeff.coopersmith@dlapiper.com
T  206.839.4847
F  206.494.1795

September 23, 2009

*Via E-Mail BrodyT@sec.gov*

Todd D. Brody
Senior Trial Counsel
Securities and Exchange Commission
3 World Financial Center
New York, NY 10281

**Re:    SEC v. Symbol Technologies, Inc., et al., 04 CV 2276 (SJF)**

Dear Todd:

        We are in receipt of your letter of today, which followed up on the telephone conversation that David Nachman and I had with you today just prior to our receipt of your letter. First of all, it is our understanding that Mr. Razmilovic, who resides in Sweden, does not intend to appear in person for a deposition in the United States at this time. As we also discussed, however, Mr. Razmilovic is not refusing to sit for a deposition. He is willing to have you take his deposition either in Sweden or by videoconference between New York and Sweden. Rule 30(b)(4) of the Federal Rules of Civil Procedure provides that "[t]he parties may stipulate -- or the court may on motion order -- that a deposition be taken by telephone or other remote means." Although you identified some logistical concerns about a videoconference deposition, all of these concerns are easily addressed. For example, you mentioned that during the course of the deposition you might think of a document to review with Mr. Razmilovic in addition to documents previously forwarded, but that situation would be easily addressed by simply transmitting the additional document electronically. *See, e.g., In re Central Gulf Lines, Inc. and Waterman Steamship Corp.*, 1999 WL 1124789 (E.D. La. 1999) (ordering videoconference deposition of party using 1999 technology and recognizing that any additional documents could be "immediately transferred electronically so as to permit the deposition to continue in a speedy and inexpensive fashion").

        In any event, you stated on the telephone that you intend to file a motion to compel Mr. Razmilovic to travel to the United States to attend the deposition. We told you that we also intend to seek relief from the Court in the event that you remain unwilling to convene a videoconference deposition or a deposition in Sweden. We agreed during our telephone conversation earlier today that there will be no deposition on September 28, 2009, and the issue



Todd D. Brody
September 23, 2009
Page Two

of where Mr. Razmilovic's deposition should take place should await a ruling from the Court.
We understand that to the extent the resolution of this issue may affect or create a need to
modify the current discovery deadlines, the consent of other parties may need to be obtained in
connection with our agreement in this regard.

     Best regards.

           Very truly yours,

           **DLA Piper LLP (US)**

           Jeffrey B. Coopersmith
           Partner

           Admitted In Washington, California,
           and the District of Columbia

cc:    David Nachman

WEST\21800436.1

# EXHIBIT F



UNITED STATES
**SECURITIES AND EXCHANGE COMMISSION**
NEW YORK REGIONAL OFFICE
3 WORLD FINANCIAL CENTER, ROOM 400
NEW YORK, NEW YORK 10281

September 29, 2009

**VIA ECF**

The Honorable William D. Wall
United States Magistrate Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

**Re: SEC v. Symbol Technologies, Inc. et al., 07-cv-2276 (SJF) (WDW)**

Dear Judge Wall:

On behalf of plaintiff Securities and Exchange Commission ("Commission"), we write to seek a Court order compelling defendant Tomo Razmilovic, the former CEO of Symbol Technologies, Inc. ("Symbol") and one of the architects of the accounting fraud schemes at issue in this action and in a parallel criminal case against him, to appear for a deposition at the Commission's offices in New York. Razmilovic fled to Sweden in 2004 after his indictment in the parallel criminal case and is currently a fugitive from justice. In July 2009, we noticed Razmilovic's deposition for Monday, September 28, 2009. Last week, his counsel advised us that he will not attend a deposition in the United States. The sole reason for Razmilovic's refusal to return to the United States for a deposition is the fact that he will be arrested on the parallel criminal charges if he does so. Razmilovic prefers instead that the Commission accommodate his desire to remain a fugitive by deposing him in Sweden, either in person or by videoconference. As detailed below, the Court should not make an exception to governing discovery principles solely to allow a fugitive from justice to continue to evade criminal charges.

### The Criminal and Civil Proceedings Against Razmilovic

This action, as well as the parallel criminal case, arise from a massive scheme of fraudulent accounting practices overseen by Razmilovic and the other defendants that resulted in the overstatement of Symbol's reported revenue and earnings between 1999 and 2002. During the relevant time, Razmilovic worked and lived in the Eastern District of New York. For his central role in the fraud, he was criminally indicted on May 28, 2004. See U.S. v. Razmilovic, 04-cr-519 (LDW) (E.D.N.Y.). On June 3, 2004, the Commission brought this action asserting claims against Razmilovic under, inter alia, Section 17(a) of the Securities Act of 1933 and Sections 10(b) and 13 of the Securities Exchange Act of 1934. At the time of his indictment Razmilovic was in the United Kingdom, where he went after learning of the Commission's investigation. He failed to appear for his arraignment and, to avoid being extradited from the United Kingdom, fled to Croatia and then to Sweden where he currently resides. He is a fugitive from justice and is on the federal authorities' 'WANTED' list. (A copy of the U.S. Postal Inspection Service's 'WANTED' poster for Razmilovic is attached as Exhibit A.)[1]

---

[1] The poster was printed from the U.S. Postal Inspection Service's website on September 28, 2009.

The Hon. William D. Wall
September 29, 2009
Page 2 of 3

On July 21, 2009, we served a Notice of Deposition scheduling Razmilovic's deposition for September 28, 2009 at the Commission's offices in Manhattan. (See Exhibit B.) On September 11, 2009, Razmilovic's counsel informed us that Razmilovic was abroad, and proposed that we depose him abroad either by traveling there or by videoconference or telephone. (See Exhibit C.) We rejected the proposal and confirmed our intent to depose Razmilovic in person in New York. (See Exhibit D.) After conferring further, Razmilovic's counsel advised us on September 23, 2009 that "Mr. Razmilovic, who resides in Sweden, does not intend to appear in person for a deposition in the United States." (See Exhibits E and F.)

## Razmilovic Should Be Ordered To Appear
## In Person For A Deposition In New York

In-person depositions of a party "are the norm." In re TJX Comp., Inc., FACTA Litig., No. 07-md-1853, 2008 WL 717890, at *2 (D. Kan. Mar. 17, 2008). Depositions by remote means are exceptional and permitted only on consent or by court order. Fed. R. Civ. P. 30(b)(4). Generally, therefore, a party may "set the place for the deposition of another party wherever he or she wishes subject to the power of the court to grant a protective order." 8A C. Wright & A. Miller, FEDERAL PRACTICE AND PROCEDURE § 2112; Clinton v. Cal. Dept. of Corr., No. 05-cv-1600, 2008 WL 5068586, at *1 (E.D. Cal. Nov. 25, 2008). The party seeking to change the place of deposition has the burden of making a timely motion for a protective order. See Fed. R. Civ. P. 37(d)(2).[2] To obtain a protective order, that party must show good cause with specificity for why the deposition, if taken at the place designated by the other party, would result in significant "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c); Trinos v. Quality Staffing Servs. Corp., 250 F.R.D. 696, 698 (S.D. Fla. July 07, 2008). In deciding whether a protective order is appropriate, the Court is permitted to exercise broad discretion. See New Medium Techs. LLC v. Barco N.V., 242 F.R.D. 460, 467 (N.D. Ill. 2007); Willis v. Mulllins, No. 04-cv-6542, 2006 WL 894922, at *2 (E.D. Cal. Apr. 4, 2006).

Razmilovic did not move for a protective order prior to the date of his noticed deposition. Consequently, he cannot argue at this time that an in-person deposition is a hardship. But even if this Court were to hear his request, he cannot show good cause. The Commission seeks to depose Razmilovic in New York, where all counsel and documents are located, where this action will be tried, and where the wrongdoing – including Razmilovic's misconduct – principally occurred. Aside from his wish to remain a fugitive from justice, Razmilovic has not identified any reason, let alone good cause, for why his in-person deposition in the United States would be oppressive, embarrassing, or unduly burdensome or expensive. Having taken evasive action to avoid facing criminal charges in the United States on the very same matters involved in this action, Razmilovic should not benefit from discretionary relief permitting him to be deposed in Sweden, whether in person or by videoconference. Courts have denied defendants, under the fugitive disentitlement doctrine, the right litigate on their own terms when they are fugitives from parallel criminal proceedings. See SEC v. Roman, No. 94-cv-3621, 1996 WL 34146, at *1-2 (S.D.N.Y. Jan. 30, 1996) (denying discovery to defendants because it would be "inequitable to give the fugitive Defendants a benefit for their efforts to avoid the legal processes of this Court"); see also SEC v. Berger, 322 F.3d 187, 191-192 (2d Cir. 2003) (in determining whether

---

[2] The failure to seek a protective in advance of the deposition is ground for denial of a request that the deposition be taken by remote means. See Kull v. Village of Yorkville, No. 07-cv-686, 2009 WL 2132624, at *4 (S.D. Ohio July 10, 2009).

The Hon. William D. Wall
September 29, 2009
Page 3 of 3

to disentitle fugitive, prejudice to other party is important consideration). Indeed, Judge Wexler has already denied discretionary relief to Razmilovic when he sought a stay of this action on the ground that he is a fugitive.[3]  The same rationale applies to the instant dispute.

In any event, even where parties are not fugitives, courts routinely reject requests for depositions by videoconference or in remote locations. See, e.g., TJX Comp., 2008 WL 717890, at *2 (affirming order directing in-person deposition); Lott v. U.S., No. 07-cv-3530, 2008 WL 2923437, at *2 (N.D. Cal. July 25, 2008) (denying request for telephonic deposition "given the international implications," including uncertainty of foreign jurisdiction's rules on depositions and notarization); Kull, 2009 WL 2132624, at *4 (rejecting defendants' offer of deposition by videoconference); Willis, 2006 WL 894922, *3 (denying motion for deposition by videoconference or in remote location); New Medium Techs., 242 F.R.D. at 466 (directing defendant's Japanese witnesses to be deposed in the United States); U.S. v. $160,066.98 from Bank of America, 202 F.R.D. 624, 627 (S.D. Cal. 2001) (denying motion for party deposition abroad or by telephonic means). In addition, a deposition by videoconference would be improper here since it would disadvantage the Commission's case by hindering our ability to face Razmilovic and judge his demeanor and capacity to relate to a jury. See Clinton, 2008 WL 5068586, at *2 ("[R]equiring defendants to take plaintiff's deposition by remote means would in fact place them at a disadvantage by not allowing defense counsel to adequately observe plaintiff's demeanor to prepare for trial"); see also Willis, 2006 WL 894922, at *2.[4]

### Conclusion

For the foregoing reasons, we respectfully request that the Court issue an order (i) compelling defendant Razmilovic to appear for an in-person deposition at the Commission's offices in New York, and (ii) cautioning Razmilovic that failure to attend the deposition may result in the entry of a judgment of default against him pursuant to Fed. R. Civ. P. 37(b)(2)(A)(vi).[5]

Respectfully,

Joseph Boryshansky

Encl. (Exhibits A to F)

Cc:   All defense counsel (via ECF)

---

[3]   See Docket Entry #30 in this action.

[4]   In re Central Gulf Lines, Inc, No. 97-cv-3829, 1999 WL 1124789 (E.D. La. Dec. 3, 1999), which is cited in Razmilovic's counsel's September 23 letter, is inapposite. The deponents there were not, as here, fugitives from justice but corporate 30(b)(6) witnesses, who generally are permitted to be deposed at their place of business. See New Medium Techs., 242 F.R.D. at 466. In any event, the decision in that case was based on the desire to reduce the costs of litigation, a rationale that has been rejected as insufficient for a protective order seeking party deposition by remote means. See Willis, 2006 WL 894922, at *2; Clinton, 2008 WL 5068586, at *1.

[5]   See, e.g., First Regency Ent., Inc. v. CH MM Denton, LLC, No. 07-cv-1175, 2009 WL 1542522, at *1 (N.D. Tex. June 2, 2009) (affirming Magistrate Judge's grant of default judgment under Rule 37(b)(2)(A)(vi) based on defendant's failure to appear at deposition notwithstanding court order compelling appearance).

# EXHIBIT G

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

―――――――――――――――――――――――――X

SECURITIES AND EXCHANGE COMMISSION,

                              Plaintiff,

                    -against-

SYMBOL TECHNOLOGIES, INC., TOMO
RAZMILOVIC, KENNETH JAEGGI, LEONARD
GOLDNER, BRIAN BURKE, MICHAEL
DEGENNARO, FRANK BORGHESE,
CHRISTOPHER DESANTIS, JAMES
HEUSCHNEIDER, JAMES DEAN and
ROBERT DONLON,

                              Defendants.

―――――――――――――――――――――――――X

**ORDER**
**CV-04-2276 (SJF)(WDW)**

U.S. DISTRICT COURT E.D.N.Y.

★          2009  ★

LONG ISLAND OFFICE

FEUERSTEIN, J.

Pending before this Court are the following applications: (1) plaintiff's application to compel an in person deposition of defendant Tomo Razmilovic; (2) Mr. Razmilovic's application to take his deposition by video conference; and (3) plaintiff's application for additional time within which to depose defendant Michael Degennaro.

It is hereby ORDERED:

(1) that plaintiff's application to compel an in person deposition of Mr. Razmilovic is granted and Mr. Razmilovic is directed to appear in person, on a mutually agreeable date on or before October 22, 2009, as provided in plaintiff's notice of deposition served on July 21, 2009. Failure of Mr. Razmilovic to appear in person for a deposition on or before October 22, 2009 may result in sanctions being imposed against him and/or his attorneys pursuant to Rule 37(b)(2)(A), including a default judgment being entered against him; and it is further

1

ORDERED,

(2) that Mr. Razmilovic's application to conduct his deposition via video conference is denied; and it is further ORDERED,

(3) that plaintiff's application for additional time within which to depose Mr. Degennaro is granted, and plaintiff may depose Mr. Degennaro for an additional three (3) hours on a mutually agreeable date on or before October 22, 2009.

SO ORDERED.

_____
SANDRA J. FEUERSTEIN
United States District Judge

Dated: October 9, 2009
      Central Islip, New York

2

# EXHIBIT H



UNITED STATES
**SECURITIES AND EXCHANGE COMMISSION**
NEW YORK REGIONAL OFFICE
THREE WORLD FINANCIAL CENTER
SUITE 400
NEW YORK, NEW YORK 10281-1022

October 13, 2009

**VIA E-MAIL**

David Nachman, Esq.
DLA Piper US LLP
1251 Avenue of the Americas
New York, NY 10020-1104

> **Re:** *Securities and Exchange Commission v. Symbol Technologies, Inc., et al.,*
> **No. 2:04-CV-02276 (SJF-WDW) (E.D.N.Y.)**

Dear David:

Further to the Court's October 9, 2009 Order directing Mr. Razmilovic to appear in person for his deposition in this case by October 22, 2009, we propose the following dates for Mr. Razmilovic's deposition: October 16th, 19th, 20th or 21st. The deposition will take place, in accordance with the notice of deposition, at the Commission's New York Regional Office. Please let us know as soon as possible which of the proposed dates you prefer. To avoid a waste of time and resources, if Mr. Razmilovic is not going to attend his deposition in the United States in person, please advise us accordingly.

If you have any questions, please feel free to contact me at (212) 336-0113.

Sincerely,

Joseph Boryshansky

cc: Jeffrey B. Coopersmith

# EXHIBIT I



DLA Piper LLP (US).
1251 Avenue of the Americas, 27th Floor
New York, New York  10020-1104
www.dlapiper.com

David E. Nachman
david.nachman@dlapiper.com
T  212.335.4874
F  212.884.8574

October 15, 2009

*VIA E-MAIL AND U.S. MAIL*

Joseph Boryshansky
Securities and Exchange Commission
Three World Financial Center
New York, NY 10281

Dear Joe:

In response to your letter of October 13, Mr. Razmilovic has confirmed that he will not be appearing for a deposition in New York in this action within the time specified in the Court's Order. I believe you knew this – Mr. Brody and you left me a voicemail this morning stating the SEC's understanding that he would not appear – but in any event, as I stated in the voicemail I left in response to your call, there is no need for you to prepare for the deposition or arrange for a court reporter.

Thank you.

Sincerely,

David E. Nachman

DEN/rj

cc:    Todd Brody
       Jeff Coopersmith