UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------X

SECURITIES AND EXCHANGE COMMISSION,

                Plaintiff,

                                          **ORDER**
  -against-                                    CV-04-2276 (SJF)(WDW)

SYMBOL TECHNOLOGIES, INC., TOMO
RAZMILOVIC, KENNETH JAEGGI, LEONARD
GOLDNER, BRIAN BURKE, MICHAEL
DEGENNARO, FRANK BORGHESE,
CHRISTOPHER DESANTIS, JAMES
HEUSCHNEIDER, JAMES DEAN, ROBERT
DONLON and GREGORY MORTENSON,

                Defendants.

---------------------------------------------------------X

FEUERSTEIN, J.

On June 3, 2004, the Securities and Exchange Commission ("SEC") commenced this action against defendant Tomo Razmilovic ("Razmilovic"), and others[1], alleging claims for, *inter alia*, violations of Section 17(a) of the Securities Act of 1933 ("the Securities Act"), 15 U.S.C. § 77q(a); Sections 10(b) and 13(b)(5) of the Securities Exchange Act of 1934 ("the Exchange Act"), 15 U.S.C. §§ 78j(b) and 78m(b)(5), and Rules 10b-5, 13b2-1 and 13b2-2 thereunder, 17

---

[1] The complaint named the following defendants: Symbol Technologies, Inc. ("Symbol"), Kenneth Jaeggi ("Jaeggi"), Leonard Goldner ("Goldner"), Brian Burke ("Burke"), Michael DeGennaro ("DeGennaro"), Frank Borghese ("Borghese"), Christopher DeSantis ("DeSantis"), James Heuschneider ("Heuschneider"), James Dean ("Dean"), Robert Donlon ("Donlon") and Gregory Mortenson ("Mortenson"). Partial final consent judgments were entered as against the following defendants: (1) Dean on June 15, 2004, (Doc. No. 4); (2) Burke on February 28, 2005, (Doc. No. 35); (3) Donlon on January 22, 2008, (Doc. No. 73); and (4) Mortenson on February 7, 2008, (Doc. No. 76). Final consent judgments were entered as against the following defendants: (1) Symbol on June 15, 2004, (Doc. No. 5), as amended on January 23, 2007; (2) Goldner on February 13, 2006, (Doc. No. 41); (3) Heuschneider, Jaeggi and DeSantis on November 2, 2009, (Doc. Nos. 126, 127 and 128, respectively); and (4) Borghese on February 22, 2010, (Doc. No. 169).

1

C.F.R. §§ 240.10b-5, 240.13b2-1 and 240.13b2-2; Section 20(e) of the Exchange Act, 15 U.S.C. § 78t(e), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5; and Section 20(a) of the Exchange Act, 15 U.S.C. § 78t(a), and Rules 12b-20, 13a-1 and 13a-13 thereunder, 17 C.F.R. §§ 240.12b-20, 240.13a-1 and 240.13a-13. By order dated December 22, 2009, I granted the SEC's motion for a default judgment against Razmilovic pursuant to Rule 37 of the Federal Rules of Civil Procedure based upon his failure to comply with this Court's October 9, 2009 order directing his appearance in person, in New York, for a deposition. Razmilovic now moves for reconsideration of that order. For the reasons set forth herein, Razmilovic's motion is denied.

I.  BACKGROUND

A.  Factual Background

Razmilovic was the president and chief operating officer of Symbol from 1995 through June 2000. (Complaint [Compl.], ¶ 18). From July 2000 until February 2002, when he resigned, Razmilovic was the president and chief executive officer of Symbol. (Id.) Razmilovic was also a member of Symbol's Board of Directors from 1995 until his resignation. (Id.)

The SEC alleges that Razmilovic, and the other named defendants, "engaged in a fraudulent scheme to inflate revenue, earnings and other measures of financial performance in order to create the false appearance that Symbol had met or exceeded its financial projections." (Compl., ¶ 34). According to the SEC, the fraudulent scheme "resulted in material misstatements of revenue, earnings and other financial information reported by Symbol for annual and quarterly reporting periods from at least 1998 through the fourth quarter of 2002." (Id.) The fraudulent accounting practices at Symbol alleged by the SEC include: "patently improper topside

2

adjustments, a multitude of revenue recognition schemes, the manipulation of non-recurring charges and 'cookie jar' reserves to manage earnings * * *." (Id.; see also ¶ 158). According to the SEC, due to the fraudulent practices of Razmilovic, and the other defendants, documents filed by Symbol with the SEC "contained financial statements that materially overstated Symbol's revenue and net income for the subject reporting periods and other material misstatements concerning Symbol's financial performance." (Compl., ¶ 166).

The SEC alleges that Razmilovic, and four (4) of the other named defendants, directed the fraud, which was implemented by the other five (5) defendants. (Compl., ¶ 34). Specifically, the SEC alleges, *inter alia*: (1) that Razmilovic authorized adjustments made, and directed additional adjustments to be made, on Symbol's "Tango" sheets in order to understate Symbol's expenses and overstate its revenue and earnings, (Compl., ¶¶ 35-41); (2) that Razmilovic, and others, "negotiated large quarter-end transactions designed to pump additional revenue into [Symbol's] financial statements" and otherwise "engaged in multiple fraudulent schemes to inflate Symbol's reported sales revenue and income * * *," (Compl., ¶¶ 42-43); (3) that "[a]t the end of the second quarter of 2001, Razmilovic negotiated an artificial 'swap' transaction with a software company on which Symbol improperly recognized $4.25 million in revenue that quarter," (Compl., ¶ 44); and (4) that Razmilovic signed (a) Form 10-K and/or Form 10-Q reports filed with the SEC which contained materially false and misleading information inflating Symbol's financial results, (Compl., ¶¶ 142-146), and (b) registration statements filed with the SEC which incorporated one or more of those false and misleading reports, (Compl., ¶¶ 147-148). According to the SEC, Razmilovic benefitted from his fraud by receiving "performance bonuses and other incentive compensation, severance payments and the proceeds of multiple transactions in Symbol

3

securities," including "European 'zero cost collar' transactions with a brokerage firm" and the exercise of stock options priced below the inflated market price. (Compl., ¶ 155(a)).

On May 28, 2004, Razmilovic was indicted in the Eastern District of New York for his participation in the fraudulent scheme and accounting practices at Symbol. At that time, Razmilovic was living in the United Kingdom. Razmilovic subsequently moved to Croatia, then Sweden, where he currently resides.

B.  Procedural Background

On June 3, 2004, the SEC commenced this action against Razmilovic, and others, alleging, *inter alia*, claims for violations of Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a) (second claim for relief); Sections 10(b) and 13(b)(5) of the Exchange Act, 15 U.S.C. §§ 78j(b) and 78m(b)(5), and Rules 10b-5 and 13b2-1, 17 C.F.R. §§ 240.10b-5 and 240.13b2-1 thereunder (first and fifth claims for relief, respectively), as well as Rule 13b2-2 thereunder, 17 C.F.R. § 240.13b2-2 (sixth claim for relief); and Section 20(a) of the Exchange Act, 15 U.S.C. § 78t(a), and Rules 12b-20, 13a-1 and 13a-13 thereunder, 17 C.F.R. §§ 240.12b-20, 240.13a-1 and 240.13a-13 (third and fourth claims for relief). The SEC seeks, *inter alia*: (1) a permanent injunction enjoining Razmilovic (a) from violating Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a) and Sections 10(b) and 13(b)(5) of the Exchange Act, 15 U.S.C. §§ 78j(b) and 78m(b)(5), and Rules 10b-5, 13b2-1 and 13b2-2 thereunder, 17 C.F.R. §§ 240.10b-5, 240.13b2-1 and 240.13b2-2, (b) from controlling any person who violates Sections 13(a) and 13(b)(2) of the Exchange Act, 15 U.S.C. §§ 78m(a) and (b)(2), and Rules 12b-20, 13a-1 and 13a-13 thereunder, 17 C.F.R. §§ 240.12b-20, 240.13a-1 and 240.13a-13, and (c) from acting as an officer or director

4

of a public company pursuant to Section 21(d)(2) of the Exchange Act, 15 U.S.C. § 78u(d)(2), and Section 20(e) of the Securities Act, 15 U.S.C. § 77t(e); (2) an order requiring Razmilovic to disgorge the ill-gotten gains he received as a result of his violations of the Securities Act and Exchange Act, including prejudgment interest thereon; and (3) civil monetary penalties pursuant to Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3) and Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d). (Compl., ¶ 14, pp. 78-82).

By order dated July 6, 2004, the Honorable Leonard D. Wexler, to whom this case was previously assigned, granted the application of the United States for leave to intervene in this action for the limited purpose of seeking a stay of pretrial discovery and stayed pretrial discovery in this action pending the resolution of related criminal proceedings pending before the Court in U.S. v. Razmilovic, et al., no. 04-cr-519. (Doc. No. 10).[2] However, by order dated October 19, 2004, Judge Wexler denied Razmilovic's motion to stay this action as against him since Razmilovic was a fugitive in the related criminal proceeding. On November 29, 2004, Razmilovic filed an answer to the complaint. (Doc. No. 32).

On September 17, 2007, this action was reassigned to me. (Doc. No. 45). During a status conference held on October 24, 2007, I, *inter alia*, vacated the stay of pretrial discovery. (Doc. No. 46). Discovery commenced in or about January 2008.

On July 21, 2009, the SEC served Razmilovic's counsel with a notice to take Razmilovic's deposition at the SEC's offices in New York on Monday, September 28, 2009. (See Motion to Compel, Doc. No. 100, Ex. B). Razmilovic's counsel informed the SEC that Razmilovic refused to appear for a deposition in the United States and instead proposed to

---

[2] Two additional stay orders were entered on July 13, 2004 and October 21, 2004. (Doc. Nos. 11 and 29, respectively).

conduct an in-person deposition of Razmilovic in Sweden or, in the alternative, to conduct the deposition via videoconference. (Id., Ex. F).

On September 29, 2009, the SEC moved to compel an in-person deposition of Razmilovic in New York. (Doc. No. 100). Counsel for Razmilovic subsequently moved to depose Razmilovic via videoconference. (Doc. No. 104). By order dated October 9, 2009, I, *inter alia*, granted the SEC's motion to compel the deposition of Razmilovic in-person, on or before October 22, 2009, as provided in the SEC's notice of deposition; denied Razmilovic's motion to conduct his deposition via videoconference; and advised that Razmilovic's failure to appear in person for the deposition may result in sanctions being imposed against him and/or his attorneys pursuant to Rule 37(b)(2)(A), including the entry of a default judgment against him. (Doc. No. 109). Razmilovic failed to appear in-person for a deposition as directed by the October 9, 2009 order. Accordingly, on December 21, 2009, the SEC moved, pursuant to Rule 37 of the Federal Rules of Civil Procedure, for a default judgment against Razmilovic for his failure to comply with this Court's October 9, 2009 order. (Doc. No. 137).

By oral order dated December 22, 2009, I granted the SEC's motion for a default judgment against Razmilovic pursuant to Rule 37 of the Federal Rules of Civil Procedure based upon his failure to comply with this Court's October 9, 2009 order directing his appearance in person, in New York, for a deposition on or before October 22, 2009. As set forth in the record of those proceedings, I found, *inter alia*, that Razmilovic offered no excuse for his failure to appear for the deposition other than his own inconvenience, without consideration of the cost or prejudice to the government, and that his refusal to appear can only be considered willful and intentional. (Transcript of Proceedings on December 22, 2009 [T.], pp. 2-5). I also held that the

Supreme Court's holding in Degan v. U.S., 517 U.S. 820, 116 S.Ct. 1777 (1996), that the "fugitive disentitlement doctrine" could not be used to prevent a fugitive defendant from appearing in a civil forfeiture action, was inapplicable because the SEC was basing its default upon Rule 37 of the Federal Rules of Civil Procedure, based on Razmilovic's willful failure to comply with this Court's October 9, 2009 order, not upon the "fugitive disentitlement doctrine." (T. 3). In addition, I found that Razmilovic has never expressed any intention of appearing for any trial in this action, yet he proposes alternative means of discovery at great expense and inconvenience for everyone else except himself when there is possibly no resolution of this case at any event. (T. 4). Moreover, I found that the record evidence provided a sufficient basis to hold Razmilovic liable for all of the claims against him in the complaint. (T. 4-5).

Razmilovic now moves for reconsideration of that order. For the reasons set forth herein, Razmilovic's motion is denied.

A. Reconsideration

Motions for reconsideration in this district are governed by Local Civil Rule 6.3 ("Local Rule 6.3"), which provides, *inter alia*, that a "notice of motion for reconsideration or reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the court's determination of the original motion. . . . There shall be served with the notice of motion a memorandum setting forth concisely the matters or controlling decisions which counsel believes the court has overlooked." The requirements of Local Rule 6.3 are "narrowly construed and strictly applied." T.Z. v. City of New York, 634 F.Supp.2d 263, 268 (E.D.N.Y. 2009) (quoting Ades v. Deloitte & Touche, 843 F.Supp. 888, 890 (S.D.N.Y. 1994)); Kudlek v. Sunoco,

Inc., 610 F.Supp.2d 218, 220 (E.D.N.Y. 2009).

Razmilovic advised this Court by letter filed January 4, 2010 that it had served its motion for reconsideration on all parties on that date. Thus, pursuant to Local Rule 6.3 and my individual rules, Razmilovic's motion for reconsideration is timely.

In determining a motion for reconsideration, the court should consider (1) whether there has been an intervening change of controlling law; (2) whether there is new evidence presented that was not previously available on the original motion; and (3) whether there is a need to correct a clear error or prevent manifest injustice. See In re Zyprexa Products Liability Litigation, 653 F.Supp.2d 181, 182 (E.D.N.Y. 2009) (citing Doe v. New York City Dep't of Social Services, 709 F.2d 782, 789 (2d Cir. 1983)); see also U.S. v. Carr, 557 F.3d 93, 102 (2d Cir. 2009). It is within the sound discretion of the district court whether or not to grant a motion for reconsideration. See Gottlieb v. Carnival Corp., 635 F.Supp.2d 213, 215 (E.D.N.Y. 2009).

Counsel for Razmilovic does not identify any intervening change of controlling law or present any "new" evidence that was not previously available on the original motion. Accordingly, reconsideration is appropriate only if Razmilovic shows that I committed clear error in granting a default judgment against him for his failure to comply with the October 9, 2009 order, or manifest injustice resulting therefrom.

According to counsel for Razmilovic, entry of a default judgment in this action was a disproportionate response to Razmilovic's failure to comply with the October 9, 2009 order because, *inter alia*, Razmilovic has attempted to comply with all of his other obligations as a defendant in this matter. Counsel for Razmilovic contends that the entry of a default judgment in this case amounts to "automatic fugitive disentitlement" and, thus, is contrary to the Supreme

Court's holding in Degen and to the Second Circuit's preference to adjudicate cases on their merits. These are the same arguments raised on the original motion which I rejected in my December 22, 2009 order and counsel for Razmilovic has not established that I overlooked any controlling law or matter, or committed clear error, in that decision.

Counsel for Razmilovic further contends that I erred in finding that Razmilovic's failure to indicate an intent to appear for the trial of this action may preclude a final resolution of this action, since a defendant is not required to be physically present at a civil trial against him and, indeed, since Razmilovic has always been outside the subpoena power of this Court, he cannot be compelled to attend the trial in this action and has no obligation to do so. Contrary to counsel's contention, this finding was not clear error. In any event, my decision to enter a default judgment against Razmilovic was based upon his failure to comply with my October 9, 2009 order. The unlikelihood of Razmilovic's appearance at trial was just another factor I cited as evidence of his willfulness and the prejudice to the SEC resulting from his conduct. My decision would remain the same even without this finding.

Counsel for Razmilovic also contends that there are lesser sanctions available for Razmilovic's failure to comply with the October 9, 2009 order. As one example, counsel indicates that the Court can just preclude Razmilovic from denying the statements attributed to him in the memorandum summarizing his interview with Symbol's outside counsel. In essence, counsel suggests that I merely preclude Razmilovic from defending against certain claims and from introducing evidence on certain matters designated by his counsel. This argument was also raised and rejected on the original motion and counsel for Razmilovic has not established that I overlooked any controlling law or matter, or committed clear error in that decision. See, e.g.

Sieck v. Russo, 869 F.2d 131, 143 (2d Cir. 1989) (holding that the mere availability of softer sanctions does not bar the imposition of a default judgment). As previously noted, Razmilovic's attempt to direct the manner of this proceeding "can only charitably be described as arrogance." (T. 4).

In addition, counsel for Razmilovic contends: (1) that the merits of the SEC's claims against him are weak, as evidenced, *inter alia*, by the fact that the government was unsuccessful in its attempts to convict Razmilovic's co-conspirators in the criminal proceedings, who had a better understanding of accounting principles than Razmilovic; and (2) that Razmilovic has a meritorious defense because, *inter alia*, accounting knowledge cannot be imputed upon him since he is not an accountant, and his good faith reliance on the advice of accountants and counsel is a viable defense to scienter in securities fraud cases. According to counsel, I erred in considering the evidence submitted by the SEC for the first time in its reply brief on the motion for a default judgment to establish the merits of its claims against Razmilovic.[3] Counsel further maintains that, in any event, the evidence submitted by the SEC fails to establish the requisite element of scienter, which is essential to the SEC's securities fraud claims.

In moving for a default judgment against Razmilovic, the SEC relied solely on Rule 37(b)(2)(A)(vi), which does not require a determination on the merits of its claims. In opposition, counsel for Razmilovic argued, *inter alia*, that there was no evidence of Razmilovic's wrongdoing in this action, (Memorandum of Law in Opposition to Original Motion for Default Judgment [Opp.], p. 1); that the evidence in this case does not support a finding of liability

---

[3] Prior to going on the record at the conference on the SEC's motion for a default judgment, I rejected counsel's contention that the new evidence raised in reply should not be considered on the basis that the evidence was submitted in response to Razmilovic's opposition to the motion.

against Razmilovic, (Opp., p. 3); and that the SEC's case against Razmilovic was "very weak" or "nonexistent," (Opp., p. 8), as evidenced by the fact that none of Razmilovic's indicted co-conspirators were imprisoned, (Opp., p. 2). Accordingly, the new evidence submitted by the SEC to evidence Razmilovic's liability in this case was responsive to Razmilovic's opposition and, thus, it was within my discretion to consider it. See Compania Del Bajo Caroni (Caromin), C.A. v. Bolivarian Republic of Venezuela, No. 08-2706-cv, 341 Fed. Appx. 722, 724-725 (2d Cir. Aug. 14, 2009); Ruggiero v. Warner-Lambert Co., 424 F.3d 249, 252 (2d Cir. 2005); Bayway Refining Co. v. Oxygenated Marketing and Trading A.G, 215 F.3d 219, 226-227 (2d Cir. 2000).

Since Razmilovic has not established that I overlooked any controlling law or matter, or committed clear error in my December 22, 2009 order granting the SEC a default judgment against him on the issue of liability, his motion for reconsideration of that order is denied.

III. CONCLUSION

For the foregoing reasons, Razmilovic's motion for reconsideration of the December 22, 2009 order is denied.

SO ORDERED.

_____
Sandra J. Feuerstein
United States District Judge

Dated: February 25, 2010
Central Islip, New York

11