UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____X

SECURITIES AND EXCHANGE COMMISSION,

                    Plaintiff,

        -against-

SYMBOL TECHNOLOGIES, INC., TOMO
RAZMILOVIC, KENNETH JAEGGI, LEONARD
GOLDNER, BRIAN BURKE, MICHAEL
DEGENNARO, FRANK BORGHESE,
CHRISTOPHER DESANTIS, JAMES
HEUSCHNEIDER, JAMES DEAN, ROBERT
DONLON and GREGORY MORTENSON,

                    Defendants.
_____X

**ORDER**
**CV-04-2276 (SJF)(WDW)**

FEUERSTEIN, J.

On June 3, 2004, the Securities and Exchange Commission ("SEC") commenced this

action against defendant Tomo Razmilovic ("Razmilovic"), and others[1], alleging claims for, *inter*

*alia*, violations of Section 17(a) of the Securities Act of 1933 ("the Securities Act"), 15 U.S.C. §

77q(a); Sections 10(b) and 13(b)(5) of the Securities Exchange Act of 1934 ("the Exchange

Act"), 15 U.S.C. §§ 78j(b) and 78m(b)(5), and Rules 10b-5, 13b2-1 and 13b2-2 thereunder, 17

---

[1]   The complaint named the following defendants: Symbol Technologies, Inc. ("Symbol"),
Kenneth Jaeggi ("Jaeggi"), Leonard Goldner ("Goldner"), Brian Burke ("Burke"), Michael
DeGennaro ("DeGennaro"), Frank Borghese ("Borghese"), Christopher DeSantis ("DeSantis"),
James Heuschneider ("Heuschneider"), James Dean ("Dean"), Robert Donlon ("Donlon") and
Gregory Mortenson ("Mortenson"). Partial final consent judgments were entered as against the
following defendants: (1) Dean on June 15, 2004, (Doc. No. 4); (2) Burke on February 28, 2005,
(Doc. No. 35); (3) Donlon on January 22, 2008, (Doc. No. 73); and (4) Mortenson on February 7,
2008, (Doc. No. 76).  Final consent judgments were entered as against the following defendants:
(1) Symbol on June 15, 2004, (Doc. No. 5), as amended on January 23, 2007; (2) Goldner on
February 13, 2006, (Doc. No. 41); (3) Heuschneider, Jaeggi and DeSantis on November 2, 2009,
(Doc. Nos. 126, 127 and 128, respectively); and (4) Borghese on February 22, 2010, (Doc. No.
169).

C.F.R. §§ 240.10b-5, 240.13b2-1 and 240.13b2-2; Section 20(e) of the Exchange Act, 15 U.S.C.

§ 78t(e), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5; and Section 20(a) of the Exchange

Act, 15 U.S.C. § 78t(a), and Rules 12b-20, 13a-1 and 13a-13 thereunder, 17 C.F.R. §§ 240.12b-

20, 240.13a-1 and 240.13a-13.  By order dated December 22, 2009, I granted the SEC's motion

for a default judgment against Razmilovic pursuant to Rule 37 of the Federal Rules of Civil

Procedure based upon his failure to comply with this Court's October 9, 2009 order directing his

appearance in person, in New York, for a deposition.  By order dated February 25, 2010, I denied

Razmilovic's motion for reconsideration of the December 22, 2009 order.  Razmilovic now

moves pursuant to Rule 37(c)(1) for an order prohibiting the SEC from introducing any evidence

of disgorgement and penalties at the trial on the issue of the appropriate remedies based upon the

SEC's alleged failure to comply with the disclosure requirements of Rule 26(a)(1)(A)(iii).  For

the reasons set forth below, Razmilovic's motion is denied.


I.      PROCEDURAL BACKGROUND[2]

        On June 3, 2004, the SEC commenced this action against Razmilovic, and others,

alleging, *inter alia*, claims for violations of Section 17(a) of the Securities Act, 15 U.S.C. §

77q(a) (second claim for relief); Sections 10(b) and 13(b)(5) of the Exchange Act, 15 U.S.C. §§

78j(b) and 78m(b)(5), and Rules 10b-5 and 13b2-1, 17 C.F.R. §§ 240.10b-5 and 240.13b2-1

thereunder (first and fifth claims for relief, respectively), as well as Rule 13b2-2 thereunder, 17

C.F.R. § 240.13b2-2 (sixth claim for relief); and Section 20(a) of the Exchange Act, 15 U.S.C. §

---

[2] The relevant factual allegations are fully set forth in my February 25, 2010 order
denying Razmilovic's motion for reconsideration and will not be repeated herein since they are
irrelevant to the instant motion.

78t(a), and Rules 12b-20, 13a-1 and 13a-13 thereunder, 17 C.F.R. §§ 240.12b-20, 240.13a-1 and 240.13a-13 (third and fourth claims for relief). The SEC seeks, *inter alia*: (1) a permanent injunction enjoining Razmilovic (a) from violating Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a) and Sections 10(b) and 13(b)(5) of the Exchange Act, 15 U.S.C. §§ 78j(b) and 78m(b)(5), and Rules 10b-5, 13b2-1 and 13b2-2 thereunder, 17 C.F.R. §§ 240.10b-5, 240.13b2-1 and 240.13b2-2, (b) from controlling any person who violates Sections 13(a) and 13(b)(2) of the Exchange Act, 15 U.S.C. §§ 78m(a) and (b)(2), and Rules 12b-20, 13a-1 and 13a-13 thereunder, 17 C.F.R. §§ 240.12b-20, 240.13a-1 and 240.13a-13, and (c) from acting as an officer or director of a public company pursuant to Section 21(d)(2) of the Exchange Act, 15 U.S.C. § 78u(d)(2), and Section 20(e) of the Securities Act, 15 U.S.C. § 77t(e); (2) an order requiring Razmilovic to disgorge the ill-gotten gains he received as a result of his violations of the Securities Act and Exchange Act, including prejudgment interest thereon; and (3) civil monetary penalties pursuant to Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3), and Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d). (Compl., ¶ 14, pp. 78-82).

By order dated July 6, 2004, the Honorable Leonard D. Wexler, to whom this case was previously assigned, granted the application of the United States for leave to intervene in this action for the limited purpose of seeking a stay of pretrial discovery and stayed pretrial discovery in this action pending the resolution of related criminal proceedings pending before the Court in U.S. v. Razmilovic, et al., no. 04-cr-519. (Doc. No. 10).[3] However, by order dated October 19, 2004, Judge Wexler denied Razmilovic's motion to stay this action as against him since Razmilovic was a fugitive in the related criminal proceeding. On November 29, 2004,

---

[3] Two additional stay orders were entered on July 13, 2004 and October 21, 2004. (Doc. Nos. 11 and 29, respectively).

3

Razmilovic filed an answer to the complaint. (Doc. No. 32).

On September 17, 2007, this action was reassigned to me. (Doc. No. 45). During a status conference held on October 24, 2007, I, *inter alia*, vacated the stay of pretrial discovery. (Doc. No. 46). On or about December 12, 2007, the SEC served on all parties its initial disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure. In its initial disclosure, the SEC indicated, *inter alia*, the following:

> "In this civil enforcement action, Plaintiff does not claim or seek damages. Rather, Plaintiff seeks various forms of equitable relief and remedial sanctions expressly authorized by statute. The two forms of monetary relief sought by Plaintiff are disgorgement and civil penalties. With respect to disgorgement, Plaintiff seeks an order requiring Defendants to disgorge the full amount of their ill-gotten gains received as a result of the violations alleged in the Complaint, and to pay pre-judgment interest thereon. As to penalties, Plaintiff seeks an order requiring Defendants to pay civil penalties pursuant to Section 21(d)(3) of the Securities Exchange Act of 1934 and/or Section 20(d) of the Securities Act of 1933. In the event Plaintiff prevails on any of its claims, and absent a settlement, the Court shall determine the amount, if any, of the civil penalties according to the criteria described in the applicable statutory provisions. Documents relevant to a determination of the amounts of disgorgement and civil penalties are contained in Plaintiff's investigative file in this matter, * * *."

(Declaration of Jeffrey B. Coopersmith dated March 2, 2010 [Coopersmith Decl.], Ex. A).

No party ever objected to the SEC's initial disclosure until the instant motion was filed, more than two (2) years later.

On July 21, 2009, the SEC served Razmilovic's counsel with a notice to take Razmilovic's deposition at the SEC's offices in New York on Monday, September 28, 2009. (See Motion to Compel, Doc. No. 100, Ex. B). Razmilovic's counsel informed the SEC that Razmilovic refused to appear for a deposition in the United States and instead proposed to conduct an in-person deposition of Razmilovic in Sweden or, in the alternative, to conduct the deposition via videoconference. (Id., Ex. F).

On September 29, 2009, the SEC moved to compel an in-person deposition of Razmilovic in New York. (Doc. No. 100). Counsel for Razmilovic subsequently moved to depose Razmilovic via videoconference. (Doc. No. 104). By order dated October 9, 2009, I, *inter alia*, granted the SEC's motion to compel the deposition of Razmilovic in-person, on or before October 22, 2009, as provided in the SEC's notice of deposition; denied Razmilovic's motion to conduct his deposition via videoconference; and advised that Razmilovic's failure to appear in person for the deposition may result in sanctions being imposed against him and/or his attorneys pursuant to Rule 37(b)(2)(A), including the entry of a default judgment against him. (Doc. No. 109). Razmilovic failed to appear in-person for a deposition as directed by the October 9, 2009 order.

At a conference held on December 17, 2009, I, *inter alia*, scheduled a trial on the issue of liability for March 1, 2010.

On December 21, 2009, the SEC moved, pursuant to Rule 37 of the Federal Rules of Civil Procedure, for a default judgment against Razmilovic for his failure to comply with this Court's October 9, 2009 order. (Doc. No. 137). By oral order dated December 22, 2009, I granted the SEC's motion for a default judgment against Razmilovic pursuant to Rule 37 of the Federal Rules of Civil Procedure based upon his failure to comply with this Court's October 9, 2009 order directing his appearance in person, in New York, for a deposition on or before October 22, 2009.

During a telephone conference held on February 23, 2010, counsel for the SEC represented that a settlement offer by Michael DeGennaro, the only defendant against whom the issue of liability remained, was pending approval by the SEC. Accordingly, I notified the parties that instead of holding a trial on the issue of liability on March 1, 2010, I would now hold a trial

5

on that date to determine the appropriate remedies for Razmilovic's securities laws violations established by the entry of the default judgment against him. However, at counsels' request, I granted a short adjournment of that trial date until March 15, 2010.

By order dated February 25, 2010, I denied Razmilovic's motion for reconsideration of the December 22, 2009 order granting the SEC's motion for a default judgment against him.

On Tuesday, March 2, 2010, Razmilovic filed a motion, pursuant to, *inter alia*, Rule 37 of the Federal Rules of Civil Procedure, seeking to preclude the SEC from offering any evidence regarding its computation of disgorgement and penalties.

II.    DISCUSSION

Razmilovic seeks to preclude the SEC from offering any evidence of disgorgement and penalties on the basis that the SEC's failure to provide him with its computation of disgorgement and penalties violates the requirement of Rule 26(a)(1)(A)(iii) that a party disclose "a computation of each category of damages claimed * * *."[4]

Rule 37(c)(1) provides, in pertinent part, that if a party fails to provide the initial disclosures set forth in Rule 26(a), that party "is not allowed to use that information * * * to supply evidence * * * at a trial, unless the failure was substantially justified or is harmless."

---

[4] Razmilovic also claims that the SEC's failure to provide a computation of disgorgement and penalties violates Rule 6(B)(ii) of my individual rules requiring each party to file, fifteen (15) days prior to the commencement date of a trial, *inter alia*, "[a] detailed statement regarding damages and other relief sought as to each claim." However, Rule 37(c) does not provide a basis for the imposition of sanctions for a violation of a judge's individual rules and I decline to exercise my inherent discretion to impose a sanction for such a violation under the circumstances of this case.

A.     Disgorgement

The remedy of disgorgement "consists of factfinding by a district court to determine the

amount of money acquired through wrongdoing- a process sometimes called 'accounting'- and an

order compelling the wrongdoer to pay that amount plus interest to the court." SEC v. Cavanagh,

445 F.3d 105, 116 (2d Cir. 2006).  Disgorgement as a remedy is remedial in purpose, not

punitive, see id. at 116 n. 25; see also Zacharias v. SEC, 569 F.3d 458, 471-472 (D.C. Cir. 2009),

i.e., it is used "to prevent wrongdoers from unjustly enriching themselves through violations [of

the securities law], which has the effect of deterring subsequent fraud," Cavanagh, 445 F.3d at

117; see also SEC v. Fischbach Corp., 133 F.3d 170, 175 (2d Cir. 1997) ("The primary purpose

of disgorgement orders is to deter violations of the securities laws by depriving violators of their

ill-gotten gains.")  "A district court order of disgorgement forces a defendant to account for all

profits reaped through his securities law violations and to transfer all such money to the court, * *

*."  Cavanagh, 445 F.3d at 117.  "*Unlike damages*, [disgorgement] is a method of forcing a

defendant to give up the amount by which he was unjustly enriched." Id. (quoting SEC v.

Commonwealth Chem. Sec., Inc., 574 F.2d 90, 102 (2d Cir. 1978) (Friendly, J.)) (emphasis

added).  Since the primary purpose of disgorgement is to protect the public, not to compensate a

private investor, the remedy is equitable in nature.  See Cavanagh, 445 F.3d at 117; see also

Commonwealth Chem., 574 F.2d at 95 (holding that disgorgement of profits in an SEC action is

an equitable remedy because "the court is not awarding damages to which plaintiff is legally

entitled but is exercising the chancellor's discretion to prevent unjust enrichment"); SEC v.

Opulentica, LLC, 479 F.Supp.2d 319, 329 (S.D.N.Y. 2007)("Disgorgement of illicit profits is a

proper equitable remedy for securities fraud.")  Since it is clear that disgorgement is not a

7

"damages" remedy, the disclosure required by Rule 26(a)(1)(A)(iii) is inapplicable.

Moreover, contrary to Razmilovic's contention, he is not prejudiced by the failure of the SEC to disclosure its calculation of disgorgement, since, *inter alia*, he is in at least as good of a position, if not better, as the SEC to calculate the "ill-gotten gains" he received from his established securities laws violations and, in any event, he was provided with fair notice throughout the course of this proceeding that the SEC was seeking all of his compensation and bonuses during the relevant period, including all of his profits from stock sales and options collars.[5] Therefore, even if the SEC were required to disclose its computation of disgorgement pursuant to Rule 26(a)(1)(A)(iii), its failure to do so was harmless. Accordingly, the branch of Razmilovic's motion seeking preclusion of the SEC's evidence on the issue of disgorgement is denied.

### B.    Civil Penalties

Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d) of the Exchange Act, 15 U.S.C. § 78u(d), provide for three (3) tiers of penalties to be imposed upon natural persons found to have violated those acts, to be determined "by the court in light of the facts and circumstances." The first tier provides that the amount of the penalty shall not exceed the greater

---

[5] Moreover, in its opposition, filed a week before the scheduled trial date, the SEC represented that it did, in fact, produce to Razmilovic "a specific accounting of the exact amount sought in disgorgement broken down by year and by category of unlawful gains." (Plaintiff's Memorandum of Law in Opposition [Plf. Opp.], p. 2). In addition, the SEC represented that on March 4, 2010, ten (10) days prior to the trial date, it had provided Razmilovic with documents demonstrating all of the compensation earned by him during the relevant period, with the exception of his profits from options collars, which was provided on March 5, 2010. (Plf. Opp., p. 3). The SEC also represented that on March 5, 2010, it had provided Razmilovic with "a spreadsheet detailing all of the compensation earned by Razmilovic on a yearly basis from 1999 until 2002." (Id.)

of "$5,000[6] for a natural person * * *, or * * * the gross amount of pecuniary gain to such defendant as a result of the violation." 15 U.S.C. §§ 77t(d)(2)(A) and 78u(d)(3)(B)(i).  The second tier provides that the amount of penalty for each such violation shall not exceed the greater of "$50,000[7] for a natural person * * *, or * * * the gross amount of pecuniary gain to such defendant as a result of the violation, if the violation * * * involved fraud, deceit, manipulation, or deliberate or reckless disregard of a regulatory requirement." 15 U.S.C. §§ 77t(d)(2)(B) and 78u(d)(3)(B)(ii).  The third tier provides that the amount of penalty for each such violation shall not exceed the greater of "$100,000[8] for a natural person * * *, or * * * the gross amount of pecuniary gain to such defendant as a result of the violation, if-- * * * the violation * * * involved fraud, deceit, manipulation, or deliberate or reckless disregard of a regulatory requirement; and * * * such violation directly or indirectly resulted in substantial losses or created a significant risk of substantial losses to other persons." 15 U.S.C. §§ 77t(d)(2)(C) and 78u(d)(3)(B)(iii).  Since the SEC's initial disclosure expressly cited these two statutes as a basis for seeking civil penalties, its disclosure was sufficient to indicate the relief sought.

Moreover, "[c]ivil penalties are designed to punish the individual violator and deter future violations of the securities law." Opulentica, 479 F.Supp.2d at 331; see also Rosenfeld,

---

[6] In 2001, the maximum first tier civil penalty was adjusted for inflation pursuant to 17 C.F.R. §§ 201.1001 and 201.1002 and increased from $5,000 to $6,500.

[7] In 2001, the maximum second tier civil penalty was adjusted for inflation pursuant to 17 C.F.R. §§ 201.1001 and 201.1002 and increased from $50,000 to $60,000.

[8] In 2001, the maximum third tier civil penalty was adjusted for inflation pursuant to 17 C.F.R. §§ 201.1001 and 201.1002 and increased from $100,000 to $120,000.

2001 WL 118612, at * 4 (holding that Congress enacted civil penalties "to achieve the dual goals of punishment of the individual violator and deterrence of future violations.") Like disgorgement, civil penalties do not constitute "damages." See Ellett Bros., Inc. v. United States Fidelity & Guar. Co., 275 F.3d 384, 388 (4th Cir. 2001) ("[C]ivil penalties * * * are not 'damages' payable to the victim, but fines or assessments payable to the government."); S.E.C. v. Lawbaugh, 359 F.Supp.2d 418, 423 n. 2 (D. Md. 2005) (accord).  Since civil penalties, like disgorgement, are not a "damages" remedy, the disclosure required by Rule 26(a)(1)(A)(iii) is likewise inapplicable.

Moreover, for substantially the same reasons pertaining to the issue of disgorgement, any failure of the SEC to provide any more of a detailed computation of civil penalties to Razmilovic prior to March 4, 2010 was harmless.  Accordingly, the branch of Razmilovic's motion seeking preclusion of the SEC's evidence on the issue of civil penalties is denied.

III.    CONCLUSION

For the foregoing reasons, Razmilovic's motion to preclude the SEC's evidence of disgorgement and civil penalties at trial is denied.

SO ORDERED.

Sandra J. Feuerstein
United States District Judge

Dated: March 10, 2010
        Central Islip, New York

10