UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

SECURITIES AND EXCHANGE COMMISSION,

                Plaintiff,

    -against-                              **ORDER**
                                                             CV-04-2276 (SJF)(WDW)

SYMBOL TECHNOLOGIES, INC., TOMO
RAZMILOVIC, KENNETH JAEGGI, LEONARD
GOLDNER, BRIAN BURKE, MICHAEL
DEGENNARO, FRANK BORGHESE,
CHRISTOPHER DESANTIS, JAMES
HEUSCHNEIDER, JAMES DEAN, ROBERT
DONLON and GREGORY MORTENSON,

                Defendants.
----------------------------------------------------------X
FEUERSTEIN, J.

      Pending before me is the application of defendant Tomo Razmilovic ("Razmilovic"), in essence, for reconsideration of my March 10, 2010 order denying his motion to preclude the SEC from introducing any evidence of disgorgement and penalties at the trial on the issue of the appropriate remedies based upon my issuance of that order prior to the time set for him to file a reply brief. For the reasons set forth below, Razmilovic's motion for reconsideration is granted but, upon reconsideration, I adhere to my original determination.

    A.    Reconsideration

      In determining a motion for reconsideration, the court should consider (1) whether there has been an intervening change of controlling law; (2) whether there is new evidence presented that was not previously available on the original motion; and (3) whether there is a need to

1

correct a clear error or prevent manifest injustice. See In re Zyprexa Products Liability Litigation, 653 F.Supp.2d 181, 182 (E.D.N.Y. 2009) (citing Doe v. New York City Dep't of Social Services, 709 F.2d 782, 789 (2d Cir. 1983)); see also U.S. v. Carr, 557 F.3d 93, 102 (2d Cir. 2009). It is within the sound discretion of the district court whether or not to grant a motion for reconsideration. See Gottlieb v. Carnival Corp., 635 F.Supp.2d 213, 215 (E.D.N.Y. 2009). Since I issued the March 10, 2010 order prior to the time I had set for Razmilovic to file a reply brief, his motion for reconsideration is granted.

However, upon reconsideration, I adhere to my original determination in the March 10, 2010 order. Specifically, I reject Razmilovic's attempt to characterize disgorgement and civil penalties as "monetary relief" falling within the ambit of Rule 26(a)(1)(A)(iii) and adhere to my original determination that as equitable relief, such remedies do not fall within that Rule. Notably, the only cases cited by Razmilovic in support of his position are two (2) district court cases from other circuits, i.e., the District of Colorado and the Eastern District of Pennsylvania. To the contrary, my determination that those remedies constitute equitable relief is supported by Second Circuit precedence. I also reject Razmilovic's attempt to show that the SEC's purported delay in disclosing its computation of disgorgement and civil penalties was not harmless.

III. CONCLUSION

For the foregoing reasons, Razmilovic's motion for reconsideration of my March 10, 2010 order is granted. Upon reconsideration of that order, I adhere to my original determination

denying Razmilovic's motion seeking to preclude the SEC from introducing evidence of disgorgement and penalties at trial.

SO ORDERED.

_____
Sandra J. Feuerstein
United States District Judge

Dated: March 11, 2010
Central Islip, New York