UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

  -against-

TOMO RAZMILOVIC, BRIAN BURKE, FRANK
BORGHESE, JAMES DEAN, ROBERT
DONLON and GREGORY MORTENSON,

    Defendants.
----------------------------------------X

**ORDER**
**CV-04-2276 (SJF)(WDW)**

FEUERSTEIN, J.

On June 3, 2004, the Securities and Exchange Commission ("SEC") commenced this action against defendant Tomo Razmilovic ("Razmilovic"), and others[1], alleging claims for, *inter alia*, violations of Section 17(a) of the Securities Act of 1933 ("the Securities Act"), 15 U.S.C. § 77q(a); Sections 10(b) and 13(b)(5) of the Securities Exchange Act of 1934 ("the Exchange Act"), 15 U.S.C. §§ 78j(b) and 78m(b)(5), and Rules 10b-5, 13b2-1 and 13b2-2 thereunder, 17 C.F.R. §§ 240.10b-5, 240.13b2-1 and 240.13b2-2; Section 20(e) of the Exchange Act, 15 U.S.C. § 78t(e), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5; and Section 20(a) of the Exchange Act, 15

---

[1] The complaint named the following defendants: Symbol Technologies, Inc. ("Symbol"), Kenneth Jaeggi ("Jaeggi"), Leonard Goldner ("Goldner"), Brian Burke ("Burke"), Michael DeGennaro ("DeGennaro"), Frank Borghese ("Borghese"), Christopher DeSantis ("DeSantis"), James Heuschneider ("Heuschneider"), James Dean ("Dean"), Robert Donlon ("Donlon") and Gregory Mortenson ("Mortenson"). Partial final consent judgments were entered as against the following defendants: (1) Dean on June 15, 2004, (Doc. No. 4); (2) Burke on February 28, 2005, (Doc. No. 35); (3) Donlon on January 22, 2008, (Doc. No. 73); and (4) Mortenson on February 7, 2008, (Doc. No. 76). Final consent judgments were entered as against the following defendants: (1) Symbol on June 15, 2004, (Doc. No. 5), as amended on January 23, 2007; (2) Goldner on February 13, 2006, (Doc. No. 41); (3) Heuschneider, Jaeggi and DeSantis on November 2, 2009, (Doc. Nos. 126, 127 and 128, respectively); and (4) Borghese on February 22, 2010, (Doc. No. 169).

1

U.S.C. § 78t(a), and Rules 12b-20, 13a-1 and 13a-13 thereunder, 17 C.F.R. §§ 240.12b-20, 240.13a-1 and 240.13a-13. Razmilovic has moved: (1) for my recusal from this action pursuant to 28 U.S.C. § 455; and (2) for judgment on partial findings pursuant to Rule 52(c) of the Federal Rules of Civil Procedure.

I. Procedural Background

On June 3, 2004, the SEC commenced this action against Razmilovic, and others, alleging, *inter alia*, claims for violations of Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a) (second claim for relief); Sections 10(b) and 13(b)(5) of the Exchange Act, 15 U.S.C. §§ 78j(b) and 78m(b)(5), and Rules 10b-5 and 13b2-1, 17 C.F.R. §§ 240.10b-5 and 240.13b2-1 thereunder (first and fifth claims for relief, respectively), as well as Rule 13b2-2 thereunder, 17 C.F.R. § 240.13b2-2 (sixth claim for relief); and Section 20(a) of the Exchange Act, 15 U.S.C. § 78t(a), and Rules 12b-20, 13a-1 and 13a-13 thereunder, 17 C.F.R. §§ 240.12b-20, 240.13a-1 and 240.13a-13 (third and fourth claims for relief). The SEC seeks, *inter alia*: (1) to permanently enjoin Razmilovic (a) from violating Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a) and Sections 10(b) and 13(b)(5) of the Exchange Act, 15 U.S.C. §§ 78j(b) and 78m(b)(5), and Rules 10b-5, 13b2-1 and 13b2-2 thereunder, 17 C.F.R. §§ 240.10b-5, 240.13b2-1 and 240.13b2-2, (b) from controlling any person who violates Sections 13(a) and 13(b)(2) of the Exchange Act, 15 U.S.C. §§ 78m(a) and (b)(2), and Rules 12b-20, 13a-1 and 13a-13 thereunder, 17 C.F.R. §§ 240.12b-20, 240.13a-1 and 240.13a-13, and (c) from acting as an officer or director of a public company pursuant to Section 21(d)(2) of the Exchange Act, 15 U.S.C. § 78u(d)(2), and Section 20(e) of the Securities Act, 15 U.S.C. § 77t(e); (2) disgorgement of monies Razmilovic received as a result of his violations of the Securities Act and Exchange Act, including prejudgment interest thereon; and (3) civil monetary

2

penalties pursuant to Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3), and Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d). (Compl., ¶ 14, pp. 78-82).

By order dated July 6, 2004, the Honorable Leonard D. Wexler, to whom this case was previously assigned, granted the application of the United States for leave to intervene in this action for the limited purpose of seeking a stay of pretrial discovery and stayed pretrial discovery in this action pending the resolution of related criminal proceedings pending before the Court in U.S. v. Razmilovic, et al., no. 04-cr-519. (Doc. No. 10).[2] By order dated October 19, 2004, Judge Wexler denied Razmilovic's motion to stay this action as against him since Razmilovic was a fugitive in the related criminal proceeding. On November 29, 2004, Razmilovic filed an answer to the complaint. (Doc. No. 32).

On September 17, 2007, this action was reassigned to me. (Doc. No. 45). On October 24, 2007, I, *inter alia*, vacated the stay of pretrial discovery. (Doc. No. 46).

On July 21, 2009, the SEC served Razmilovic's counsel with a notice to take Razmilovic's deposition at the SEC's offices in New York on Monday, September 28, 2009. (See Motion to Compel, Doc. No. 100, Ex. B). Razmilovic's counsel informed the SEC that Razmilovic refused to appear for a deposition in the United States and instead proposed to conduct an in-person deposition of Razmilovic in Sweden or, in the alternative, to conduct the deposition via videoconference. (Id., Ex. F).

On September 29, 2009, the SEC moved to compel a deposition of Razmilovic in New York in person. (Doc. No. 100). Counsel for Razmilovic subsequently moved to depose Razmilovic via videoconference. (Doc. No. 104). By order dated October 9, 2009, I, *inter alia*,

---

[2] Two additional stay orders were entered on July 13, 2004 and October 21, 2004. (Doc. Nos. 11 and 29, respectively).

3

granted the SEC's motion to compel the deposition of Razmilovic in person, on or before October 22, 2009, as provided in the SEC's notice of deposition; denied Razmilovic's motion to conduct his deposition via videoconference; and advised that Razmilovic's failure to appear in person for the deposition could result in sanctions being imposed against him and/or his attorneys pursuant to Rule 37(b)(2)(A), including the entry of a default judgment against him. (Doc. No. 109). Razmilovic failed to appear for deposition as directed by the October 9, 2009 order.

At a conference held on December 17, 2009, I, *inter alia*, scheduled a trial on the issue of liability for March 1, 2010.

On December 21, 2009, the SEC moved, pursuant to Rule 37 of the Federal Rules of Civil Procedure, for a default judgment against Razmilovic for his failure to comply with this Court's October 9, 2009 order. (Doc. No. 137). By oral order dated December 22, 2009, I granted the SEC's motion for a default judgment against Razmilovic pursuant to Rule 37 of the Federal Rules of Civil Procedure based upon his failure to comply with this Court's October 9, 2009 order.

During a telephone conference held on February 23, 2010, I, *inter alia*, informed counsel for the SEC and Razmilovic that the liability trial would be converted to a trial to determine the appropriate remedies for Razmilovic's violations of securities laws established by the entry of the default judgment against him. At counsels' request, I granted a brief adjournment of that trial date until March 15, 2010.

By order dated February 25, 2010, I denied Razmilovic's motion for reconsideration of the December 22, 2009 order granting the SEC's motion for a default judgment against him.

On Tuesday, March 2, 2010, Razmilovic filed a motion, pursuant to, *inter alia*, Rule 37 of the Federal Rules of Civil Procedure, seeking to preclude the SEC from offering any evidence regarding its computation of disgorgement and penalties. By order dated March 10, 2010, I denied

4

Razmilovic's motion holding, *inter alia*, that the disclosure requirement of Rule 26(a)(1)(A)(iii) of the Federal Rules of Civil Procedure was inapplicable to the SEC's claims seeking disgorgement and civil penalties because such remedies were not "damages" within the meaning of that statute and, in any event, the SEC's delay in disclosing its calculations relating to those remedies was harmless. By order dated March 11, 2010, I granted Razmilovic's motion for reconsideration of that March 10, 2010 order based upon my issuance of that order prior to the expiration of the deadline I set for Razmilovic to file a reply to the SEC's opposition. Upon reconsideration, I rejected Razmilovic's attempt to characterize disgorgement and civil penalties as "monetary relief," as well as his contention that the SEC's disclosure delay was not harmless, and adhered to the determination to deny Razmilovic's motion to preclude.

On March 15, 2010, the bench trial commenced, as scheduled, with respect to the remedies the SEC seeks from Razmilovic for his established securities law violations, following which the SEC rested. During the continuation of the trial the following day, the trial was continued to May 10, 2010.

At the Court's request, on March 17, 2010, counsel for Razmilovic filed a joint proposed scheduling order which directed, *inter alia*: (1) the SEC to (a) notify Razmilovic's counsel by March 19, 2010 if it intended to call an expert witness, (b) provide Razmilovic's counsel with the name and curriculum vitae of any such expert witness immediately upon the selection of that expert and (c) serve upon Razmilovic's counsel an expert witness report on or before April 9, 2010; (2) Razmilovic to serve on the SEC's counsel any revised or updated expert report of his previously identified expert witness on or before April 9, 2010; and (3) both parties to submit a revised joint pretrial order, reflecting any additional exhibits and/or witnesses either party proposed to offer or call during the continued trial, to the Court no later than April 30, 2010. That proposed order was

approved and signed by me on March 18, 2010 and entered as an order of the Court on March 19, 2010.

On April 5, 2010, Razmilovic filed a motion for judgment on partial findings pursuant to Rule 52(c) of the Federal Rules of Civil Procedure.

On April 9, 2010, I held a telephone conference with counsel for the SEC and Razmilovic, during which, *inter alia*: (1) counsel for the SEC expressed his intent to move for leave to reopen the SEC's case-in-chief at the May 10, 2010 trial to call Edward S. O'Neal[3] as an expert witness and to admit into evidence O'Neal's report and two (2) additional exhibits; (2) I directed the SEC to file any motion to reopen by April 9, 2010, Razmilovic to file his opposition by April 23, 2010 and the SEC to file its reply by April 25, 2010; and (3) counsel for Razmilovic objected to allowing the SEC to reopen its case. The SEC filed its motion to reopen on April 9, 2010. On that same date, counsel for Razmilovic filed a letter, *inter alia*, advising the Court that since the SEC failed to establish the element of causation on its case-in-chief Razmilovic did not intend to present any defense at the continued trial; submitting Razmilovic's revised expert report in compliance with the March 19, 2010 scheduling order in the event the Court granted the SEC's motion to reopen; and objecting to the SEC's motion to reopen as "inappropriate" and "deeply prejudicial," but indicating that it intended to submit further opposition to the motion to reopen in accordance with the briefing schedule established during the April 9, 2010 telephone conference.

On April 12, 2010, I granted the SEC's motion to reopen prior to the April 23, 2010 deadline for the submission of Razmilovic's formal opposition to the motion. Indeed, Razmilovic did not file opposition to the motion on April 23, 2010 or thereafter. Rather, on April 27, 2010,

---

[3] I had previously granted the SEC leave to call O'Neal as a rebuttal witness, if necessary.

6

Razmilovic filed the instant motion seeking my recusal pursuant to 28 U.S.C. § 455 without indicating any arguments in opposition to the SEC's motion to reopen in addition to those raised during the April 9, 2010 conference and in his April 9, 2010 letter.[4] On that same date, the SEC filed its opposition to Razmilovic's motion for judgment on partial findings pursuant to Rule 52(c).

II. Discussion

A. Recusal Motion

Razmilovic seeks my recusal from this action on the grounds that my "cumulative actions since September 2009– culminating in [my] decision on April 12, 2010 to grant, without affording Mr. Razmilovic an opportunity to respond, a motion filed by [the SEC] * * * evidence a deep-seated favoritism or antagonism that would make fair judgment impossible." (Razmilovic's Memorandum of Law in Support of Motion for Recusal [Razmilovic Mem.], p. 1).

28 U.S.C. § 455(a) requires a judge to recuse herself if her "impartiality might reasonably be questioned." The test under Section 455(a) "deals exclusively with appearances. Its purpose is the protection of the public's confidence in the impartiality of the judiciary." United States v. Amico, 486 F.3d 764, 775 (2d Cir. 2007). The "central focus is on whether [the] allegations [of bias or partiality], when coupled with the judge's rulings on and conduct regarding them, would lead the public reasonably to believe that [the judge's bias or partiality] affected the manner in which he presided." Id. The question is, thus: "[w]ould a reasonable person, knowing all the facts,

---

[4] On May 5, 2010, at the request of Razmilovic's counsel, I adjourned the trial date from May 10, 2010 until June 21, 2010 in order to determine this motion. I have deferred determining any other pending motion until resolution of this motion, with the exception that on May 28, 2010, I denied the SEC's specious motion to deny this motion as moot based upon Razmilovic's continued participation in this case in the event this motion is denied.

7

conclude that the trial judge's impartiality could reasonably be questioned? Or, phrased differently, would an objective, disinterested observer fully informed of the underlying facts, entertain significant doubt that justice would be done absent recusal?" Id. (quoting United States v. Lovaglia, 954 F.2d 811, 815 (2d Cir. 1992)); see also United States v. Carlton, 534 F.3d 97, 100 (2d Cir. 2008) (accord).

"Generally, claims of judicial bias must be based on extrajudicial matters, and adverse rulings, without more, will rarely suffice to provide a reasonable basis for questioning a judge's impartiality." Chen v. Chen Qualified Settlement Fund, 552 F.3d 218, 227 (2d Cir.2009) (citing Liteky v. United States, 510 U.S. 540, 544, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994)); see also Carlton, 534 F.3d at 100 (holding that recusals pursuant to Section 455(a) are commonly limited to those circumstances in which the alleged partiality stems from an extrajudicial source); LoCascio v. United States, 473 F.3d 493, 495-6 (2d Cir. 2007) (holding that judicial rulings alone almost never constitute a valid basis for recusal under Section 455(a)). Moreover, "a judge's comments during a proceeding that are 'critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.'" Carlton, 534 F.3d at 100 (quoting Liteky, 510 U.S. at 555, 114 S.Ct. 1147). "[E]xpressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women * * * sometimes display," are insufficient to establish bias or partiality. Liteky, 510 U.S. at 555-6, 114 S.Ct. 1147. "Bias or prejudice connotes an unfavorable opinion that is somehow wrongful or inappropriate because it is undeserved, rests on knowledge one ought not to possess, or is excessive." Groden v. Random House, Inc., 61 F.3d 1045, 1053 (2d Cir. 1995) (internal quotations and citation omitted). "The judge's opinions or comments must demonstrate 'such a

high degree of favoritism or antagonism as to make fair judgment impossible.'" Carlton, 534 F.3d at 100 (quoting Liteky, 510 U.S. at 555, 114 S.Ct. 1147); see also LoCascio, 473 F.3d at 495-6.

On this motion, Razmilovic challenges, for a third time, my unfavorable rulings against him which ultimately led to the entry of a default judgment against him on the issue of his liability for violations of securities laws. However, the record shows that counsel for Razmilovic was afforded repeated opportunities to address the issues raised on the SEC's motion to compel and subsequent motion for a default judgment based upon Razmilovic's non-compliance with a Court order. My rejection of Razmilovic's contentions on those motions and during the subsequent hearings and conferences does not evidence my bias or partiality against him, but only my disagreement with those contentions. Appeal is the appropriate remedy for unfavorable rulings and/or outcomes. Moreover, my characterization of Razmilovic's conduct in this action to date as "arrogance" does not demonstrate such a "deep-seated favoritism" of the SEC or "unequivocal antagonism" towards Razmilovic so as to evidence my bias or partiality in this action. Indeed, I have never met Razmilovic and can assure counsel that I hold no bias for, or against, either party.

Further, although I admittedly erred in issuing my initial order on Razmilovic's motion to preclude prior to the expiration of the deadline I set for his counsel to file his reply papers, I subsequently cured that error by granting the motion of Razmilovic's counsel to reconsider that order.[5] Upon reconsideration, I fully considered the arguments set forth in Razmilovic's

---

[5] In his declaration in support of the motion for recusal, counsel for Razmilovic notes only that I adhered to the original determination and ignores that fact that I actually granted his request for relief, i.e., reconsideration of my original order and consideration of the arguments set forth in his reply. (See Declaration of Jeffrey B. Coopersmith in Support of Razmilovic's Motion for Recusal [Coopersmith Decl.], ¶ 13).

counsel's reply papers, but nonetheless adhered to my original determination. Again, my rejection of Razmilovic's contentions on that motion was not motivated by any bias or partiality against him, but rather on the law as it exists in this Circuit.[6] My initial error in issuing the original order on the motion to preclude was the result of my failure to insist that the parties comply with my "bundle rule," i.e., file all motions only once they are fully briefed, in order to expedite resolution of this very old case. Had Razmilovic brought the latest procedural error to my attention, i.e., via a motion for reconsideration or otherwise, I would have similarly cured my error by, *inter alia*, affording him an opportunity to formally oppose the motion, considering his opposition and redetermining the motion to reopen.[7] Razmilovic did not do so, however, and instead moves for my recusal from this action.

Insofar as Razmilovic challenges the denial of his March 8, 2010 request to adjourn the March 15, 2010 trial date, he ignores: (1) the long and tortured history of this proceeding and the parties' repeated requests to adjourn the scheduled trial dates since the trial was originally scheduled on January 11, 2010; and (2) that the SEC's application for an adjournment of the March 1, 2010 trial date was granted, after an initial denial, because the trial had only been converted from a trial on a co-defendant's liability to a trial on the SEC's remedies against

---

[6] By arguing that the SEC's failure to comply with my individual rules regarding the provision "of a detailed statement regarding damages and other relief sought as to each claim" within fifteen (15) days prior to trial was ignored, counsel for Razmilovic overlooks not only the fact that my individual rules are implemented for my benefit, i.e., to assist me in preparing to preside over trials, not for the benefit of the parties, but also that, in an attempt to finally resolve this action, which has been pending for over six (6) years, I have repeatedly set different, and usually shorter, briefing schedules and have generally allowed the parties to dispense with my "bundle rule" and other individual rules that I thought might further delay this action.

[7] Ironically, as a result of my error, it was necessary for me to adjourn the May 10, 2010 trial date so that I could rule on this motion.

10

Razmilovic during a February 23, 2010 telephone conference and counsel for the SEC represented that although he could have proceeded on the issue of the co-defendant's liability, he was not prepared to proceed on the issue of damages at that time. Although counsel for the SEC had requested a six (6) week adjournment of the trial, I only granted him an adjournment until March 15, 2010. Thus, unfavorable rulings on requested adjournments were not confined to Razmilovic and were based solely upon my intention to finally resolve this action.

Nor does my request for an additional courtesy copy of the report of Razmilovic's expert witness evidence my bias or partiality against him. Although Razmilovic challenges that request on the basis that such report had not been put into evidence at trial, he ignores that fact that a copy of the report was an exhibit to his March 12, 2010 letter filed with the Court.

Moreover, counsel for Razmilovic, although admitting that my eventual continuance of the trial on March 16, 2010 was *sua sponte*, conclusorily suggests that the trial was continued to somehow benefit only the SEC. However, the record clearly establishes: (1) that the trial was adjourned to allow for the evenhanded administration of justice, i.e., to permit the parties to resolve their respective issues regarding expert witnesses so that a more comprehensible and comprehensive case and defense could be presented to the Court, (See T. 217, 220, 222); and (2) that counsel for Razmilovic agreed to the adjournment, (T. 220). Moreover, Razmilovic's counsel's contention that he did not anticipate the SEC being permitted to reopen its case, but nonetheless stipulated to a scheduling order regarding expert witness disclosure, strains credulity, particularly in light of the SEC's equivocation about whether it intended to present an expert witness only on rebuttal or otherwise. (See T. 219). Counsel's expressed strategy to file a motion pursuant to Rule 52(c) neither obligated the SEC to indicate its intention to reopen its

11

case-in-chief at the very moment of counsel's statement nor precluded the SEC from moving to reopen its case. In fact, the Rule 52(c) motion, which was served on the SEC on March 31, 2010 and filed with the Court on April 5, 2010, clearly apprized the SEC of the defects in its evidence, of which it presumably was otherwise unaware. Razmilovic had not yet commenced his presentation of a defense and had previously secured an expert witness. There is nothing improper or inappropriate in permitting a party to reopen its case to remedy the defects in its evidence, particularly absent any prejudice to the opposing party.

Since certain conversations and comments alleged by counsel for Razmilovic occurred off-the-record, though in the presence of all counsel, I will not specifically address those contentions other than to deny that anything untoward occurred and to state that my recollection of those conversations differ from counsel's. Suffice it to say that from this point forth, all conversations with counsel in this action will occur in Court and on the record to prevent any further claims of bias or partiality.

In sum, unfavorable decisions against Razmilovic not based on extrajudicial matters; two (2) procedural errors resulting from my deviation from my individual rules regarding motion practice and focus upon finally resolving this action expeditiously, neither of which resulted in any prejudice to Razmilovic; and statements made regarding efforts by Razmilovic and/or his counsel to control the manner in which this action proceeds would not lead an objective observer to reasonably question my impartiality in this matter. Indeed, I have often expressed my dissatisfaction and impatience with the SEC and its counsel during the course of the proceedings. Accordingly, Razmilovic's motion seeking my recusal from this action is denied.

B.  Rule 52(c)

Rule 52(c) of the Federal Rules of Civil Procedure permits a court to enter judgment against a party "fully heard on an issue during a nonjury trial," and against whom the Court has found on that issue, "on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue." Nonetheless, Rule 52(c) also permits the Court to "decline to render any judgment until the close of the evidence."

Pursuant to Rule 52(c), and since I have granted the SEC leave to reopen its case-in-chief, Razmilovic's motion is denied with leave to renew upon the close of all evidence.

III.  Conclusion

For the foregoing reasons, Razmilovic's motions seeking my recusal from this action and for judgment on partial findings are denied. Counsel for the SEC and Razmilovic are directed to appear in my courtroom, located at 1010 Federal Plaza, Central Islip, New York, on **June 16, 2010 at 12:30 p.m.** for a conference on their pending motions in limine. The trial will continue, as previously scheduled, on June 21, 2010 at 10:00 a.m.

SO ORDERED.

Sandra J. Feuerstein
United States District Judge

Dated: June 14, 2010
       Central Islip, New York