

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
NEW YORK REGIONAL OFFICE
THREE WORLD FINANCIAL CENTER
SUITE 400
NEW YORK, NEW YORK 10281-1022

November 23, 2010

**VIA ECF**

The Honorable Sandra J. Feuerstein
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

    Re:    <u>SEC v. Symbol Technologies, Inc. et al., 04-cv-2276 (SJF)</u>

Dear Judge Feuerstein:

    This letter responds to the supplemental letter brief of Tomo Razmilovic, dated November 18, 2010, concerning the 9th Circuit's decision in <u>In re Oracle Corporation Securities Litig.</u>, No. 09 Civ. 16502 (9th Cir. Nov. 16, 2010). While the <u>Oracle</u> decision is of course not binding precedent on this Court, it is in any event inapposite for multiple reasons.

    First, what Razmilovic cites is *dicta* because the <u>Oracle</u> court found that plaintiffs could not demonstrate that there was even a misrepresentation. In addition, as Razmilovic concedes, the issue described in his letter concerns "loss causation," an element that does not apply in SEC enforcement actions. As explained in our post-hearing briefing, this Court should reject Razmilovic's improper attempt to import the loss causation requirement to SEC enforcement actions. The SEC's burden is only to demonstrate a "reasonable approximation of profits," which it has done in this case through several methods.

    Furthermore, the <u>Oracle</u> case is factually distinguishable of numerous reasons, including: (1) at issue in the <u>Oracle</u> case were two isolated earnings misses. By contrast, in the instant case, the July 16, 2001 earnings miss broke Symbol's long streak of meeting or beating analyst expectations, and this streak itself was important to analysts who covered the stock; (2) the alleged fraud in <u>Oracle</u> was a discrete issue – falsely downplaying defects in a single product. While this allegedly affected the company's financial statements, it was not, as with Symbol, a pervasive fraud whose very purpose was to meet earnings expectations; and (3) the record on summary judgment showed overwhelmingly that the market believed that the earnings miss by Oracle was because of a truthful reason – the general slowdown of the economy – separate from any sales decline due to the product defect. In contrast, the evidence demonstrates that the Symbol market saw the link between the Newsday article on February 13, 2002 (describing the SEC inquiry, the accounting issues, and the independent consultant hired to examine sales practices) and the Company's announcements on February 14 that Razmilovic was resigning as CEO and President and that the Company was lowering guidance.

The Honorable Sandra J. Feuerstein
November 23, 2010
Page 2

      For the reasons set forth herein as well as in our post-hearing briefs, the SEC respectfully requests that the Court issue an order requiring Razmilovic to disgorge all of his compensation as well as the profits that resulted from his transactions in Symbol securities; requiring that Razmilovic pay pre-judgment interest; requiring that Razmilovic pay a civil penalty of no less than equal to the amount of disgorgement, and ordering the non-monetary relief sought including the injunctions and permanent officer and director bar.

      If the Court requires anything further, I can be reached by telephone at 212-336-0080.

      Respectfully submitted,

      \s\ Todd D. Brody
      Todd D. Brody

Cc: Counsel for Tomo Razmilovic (by ECF)