**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x

SECURITIES AND EXCHANGE COMMISSION,      :
                                         :
                              Plaintiff, :      Civ. A. No. 04-2276 (SJF)
                                         :
                    - against-          :
                                         :
SYMBOL TECHNOLOGIES, INC., et al.,       :
                                         :
                             Defendants. :
                                         :
-------------------------------------------------------------x

## <u>FINAL JUDGMENT AS TO DEFENDANT TOMO RAZMILOVIC</u>

The Securities and Exchange Commission ("SEC") filed a Complaint against Defendant

Tomo Razmilovic ("Razmilovic") and others on June 3, 2004, alleging claims, inter alia, for

violations of Section 17(a) of the Securities Act of 1933 ("the Securities Act") [15 U.S.C. §

77q(a)]; Sections 10(b), 13(a), 13(b)(2), and 13(b)(5) of the Securities Exchange Act of 1934

("the Exchange Act") [15 U.S.C. §§ 78j(b), 78m(a), 78m(b)((2) and 78m(b)(5)], and Rules 10b-

5, 12b-20, 13a-1, 13a-13, 13b2-1 and 13b2-2 thereunder [17 C.F.R. §§ 240.10b-5, 240.12b-20,

240.13a-1, 240.13a-13, 240.13b2-1 and 240.13b2-2].  On November 29, 2004, Razmilovic

answered the Complaint.  By order dated December 22, 2009, the Court granted the SEC's

motion for a default judgment against Razmilovic pursuant to Rule 37 of the Federal Rules of

Civil Procedure.  By order dated February 25, 2010, the Court denied Razmilovic's motion for

reconsideration of the December 22, 2009 order.  On March 15, 2010, a bench trial commenced

to determine the appropriate remedies for Razmilovic's violations of the securities laws

established by the entry of a default judgment against him.  On June 21, 2010, the Court granted

Razmilovic's request to determine the remaining issues upon submission of experts' reports,

deposition transcripts and post-hearing briefs. On September 30, 2011, the Court issued a Memorandum of Decision containing findings of fact and conclusions of law in accordance with Rule 52(a) of the Federal Rules of Civil Procedure. Razmilovic failed to file proof of payment of money to settle claims brought against him by Symbol Technologies, Inc. (now Motorola Solutions, Inc.) in an action commenced in the Court of Chancery of the State of Delaware within twenty days from the date of the September 30, 2011 Memorandum of Decision. The Court has jurisdiction over Razmilovic to grant the relief requested by the SEC. Good cause now appears for the entry of this Final Judgment against Razmilovic, and accordingly:

## I.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Razmilovic is permanently restrained and enjoined from, directly or indirectly, singly or in concert, in connection with the purchase or sale of any security, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange:

(A)   employing any device, scheme, or artifice to defraud;

(B)   making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(C)   engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person,

in violation of Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5].

## II.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Razmilovic is permanently restrained and enjoined from, directly or indirectly, singly or in concert, in the offer or sale of any security, by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails:

(a)     employing any device, scheme, or artifice to defraud;

(b)     obtaining money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c)     engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser,

in violation of Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)].

## III.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Razmilovic is permanently restrained and enjoined from, directly or indirectly, singly or in concert:

(A)     knowingly circumventing or knowingly failing to implement a system of internal accounting controls or knowingly falsifying any book, record or account described in Section 13(b)(2) of the Exchange Act [15 U.S.C. § 78m(b)(2)], in violation of Section 13(b)(5) of the Exchange Act [15 U.S.C. § 78m(b)(5)]; or

(B)    falsifying, or causing to be falsified, any book, record or account subject to Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. § 78m(b)(2)(A)], in violation of Rule 13b2-1 [17 C.F.R. § 240.13b2-1].

## IV.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Razmilovic is permanently restrained and enjoined from, directly or indirectly, controlling any person who violates Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] or Rules 12b-20, 13a-1 or 13a-13 [17 C.F.R. §§ 240.12b-20, 240.13a-1 or 240.13a-13] by:

(A)    failing to file with the Commission any report required to be filed with the Commission pursuant to Section 13(a) of the Exchange Act [15 U.S.C. §78m(a)] and the rules and regulations promulgated thereunder; or

(B)    filing with the Commission a report required to be filed with the Commission pursuant to Section 13(a) of the Exchange Act [15 U.S.C. §78m(a)] and the rules and regulations promulgated thereunder that (1) contains an untrue statement of material fact; (2) fails to include, in addition to the information required to be stated in such report, such further material information as may be necessary to make the required statements, in light of the circumstances under which they are made, not misleading; or (3) fails to disclose any information required to be disclosed therein.

## V.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Razmilovic is permanently restrained and enjoined from, directly or indirectly, controlling any person who violates Section 13(b)(2) of the Exchange Act [15 U.S.C. § 78m(b)(2)] by:

(A)     failing to make and keep books, records and accounts, which, in reasonable detail,

accurately and fairly reflect the transactions and dispositions of its assets; or

(B)     failing to devise and maintain a system of internal accounting controls sufficient

to provide reasonable assurances that

(1)     transactions are executed in accordance with management's general or

specific authorization;

(2)     transactions are recorded as necessary to permit preparation of financial

statements in conformity with generally accepted accounting principles, or

any other criteria applicable to such statements, and to maintain

accountability for assets;

(3)     access to assets is permitted only in accordance with management's

general or specific authorization; and

(4)     the recorded accountability for assets is compared with the existing assets

at reasonable intervals and appropriate action is taken with respect to any

differences.

## VI.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Razmilovic,

pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)], is permanently

prohibited from acting as an officer or director of any issuer that has a class of securities

registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file

reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

## VII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Razmilovic shall disgorge a total of $41,753,623.04, representing ill-gotten gains he received as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $27,260,953.99, and shall pay a civil penalty of $22,876,811.52 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. §78u(d)(3)], for a total of $91,891,388.55. Razmilovic shall satisfy this obligation by paying $91,891,388.55 within ten business days after entry of this Final Judgment by certified check to the Clerk of the Court (United States District Court, Eastern District of New York, Long Island Courthouse, 100 Federal Plaza, Central Islip, New York 11722). Razmilovic shall also attach a cover letter identifying himself as a defendant in this action, setting forth the title and civil action number of this action and the name of this Court, and specifying that payment is made pursuant to this Final Judgment. Razmilovic shall simultaneously transmit photocopies of such payment and letter to the Commission counsel in this action (Todd Brody, U.S. Securities and Exchange Commisison, 3 World Financial Center, New York, NY 10281). By making this payment, Razmilovic relinquishes all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to Razmilovic. Razmilovic shall also pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

The Clerk shall deposit the funds paid by Razmilovic into an interest-bearing account with the Court Registry Investment System or any other type of interest-bearing account that is utilized by the Court. These funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held in the interest bearing account until further order of the Court. The Commission may by motion propose a plan to distribute the Fund subject to the

Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002.

## VIII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, pursuant to Rule 65(d) of the Federal Rules of Civil Procedure, this Final Judgment shall be binding upon Razmilovic, his agents, servants, employees and attorneys, and upon those persons in active concert or participation with him, who receive actual notice of this Final Judgment by personal service or otherwise.

## IX.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for all purposes, including, but not limited to, implementing and enforcing the terms and conditions of this Final Judgment.

## X.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, there being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

1/24/12

**SO ORDERED:**

/S/ SANDRA J. FEUERSTEIN

**UNITED STATES DISTRICT JUDGE**

7