UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
SECURITIES AND EXCHANGE COMMISSION,

                Plaintiff,

- against-

SYMBOL TECHNOLOGIES, INC., et al.,

                Defendants.
----------------------------------------------------------------x

Civ. A. No. 04-2276(SJF)

IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★ DEC 07 2012 ★

LONG ISLAND OFFICE

## FINAL CONSENT JUDGMENT AS TO DEFENDANT ROBERT DONLON

The Securities and Exchange Commission ("Commission") having filed a Complaint; Defendant Robert Donlon ("Donlon") having entered a general appearance and consented to the Court's jurisdiction over Donlon and the subject matter of this action; and the Court having entered, with Donlon's consent, a Partial Final Consent Judgment of Permanent Injunction and Other Relief as to Defendant Robert Donlon ("Partial Consent Judgment"), which ordered, among other things, that (i) Donlon be permanently restrained and enjoined from violating Sections 10(b), 13(a), 13(b)(2) and 13(b)(5) of the Securities and Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §§ 78j(b), 78m(a), 78m(b)(2) and 78m(b)(5)] and Rules 10b-5, 12b-20, 13a-1, 13a-13 and 13b2-1 thereunder [17 C.F.R. §§ 240.10b-5, 240.12b-20, 240.13a-1, 240.13a-13 and 240.13b2-1]; and (ii) judgment on the Commission's requests for monetary relief be deferred to a later date:

I.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Donlon is liable for disgorgement of $28,516.00 ("Disgorgement"), representing profits gained as a result of the

conduct alleged in the Complaint together with prejudgment interest thereon in the amount of $6,109.30, for a total of $34,625.30. Donlon shall satisfy this disgorgement obligation by paying $34,625.30 to the Clerk of this Court within 14 days after entry of this Final Judgment (the "Final Consent Judgment").

The foregoing payment shall be accompanied by a cover letter addressed to the Clerk of the Court identifying Robert Donlon as a defendant in this action, setting forth the title and civil action number of this action and the name of this Court, and specifying that payment is made pursuant to this Final Consent Judgment. Donlon shall simultaneously transmit photocopies of such payment and letter to the Commission's counsel in this action, Todd D. Brody, Esq., U.S. Securities and Exchange Commission, New York Regional Office, Three World Financial Center, New York, NY 10281 and to John Graubard, Esq., U.S. Securities and Exchange Commission, New York Regional Office, Three World Financial Center, New York, NY 10281.

By making this payment, Donlon relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Donlon. The Clerk shall deposit the funds into an interest bearing account with the Court Registry Investment System ("CRIS") or any other type of interest bearing account that is utilized by the Court. These funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held in the interest bearing account until further order of the Court. In accordance with 28 U.S.C. § 1914 and the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the income earned on the money in the Fund a fee equal to ten percent of the income earned on the Fund. Such fee shall not exceed that authorized by the Judicial Conference of the United States. The Commission may by motion propose a plan to distribute the Fund subject to the Court's

approval.

The Commission may enforce the Court's judgment for disgorgement by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Consent Judgment. Donlon shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

## II.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that based on the sentence Donlon received pursuant to his guilty plea in *U.S. v. Razmilovic* and his cooperation with criminal authorities therein and in this related Commission enforcement action, the Court is not ordering Donlon to pay a civil penalty. If at any time following the entry of this Final Consent Judgment as to Robert Donlon ("Final Consent Judgment") the Commission obtains information indicating that Donlon knowingly provided materially false or misleading information or materials to the Commission or in a related proceeding, the Commission may, at its sole discretion and without prior notice to Donlon, petition the Court for an order requiring Donlon to pay a civil penalty. In connection with any such petition and at any hearing held on such a motion: (a) Donlon will be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint; (b) Donlon may not challenge the validity of this Final Consent Judgment, his consent hereto, dated October 22, 2012 and filed herewith (the "Consent"), the Partial Consent Judgment, his consent thereto, dated December 7, 2007 and filed therewith, or any related Undertakings; (c) the allegations of the Complaint, solely for the purposes of such motion, shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence without regard to the

3

standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. Under these circumstances, the parties may take discovery, including discovery from appropriate non-parties.

### III.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Donlon shall comply with all of the undertakings and agreements set forth therein.

### IV.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Consent Judgment.

### V.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Consent Judgment forthwith and without further notice.

Dated: December 7, 2012

s/ Sandra J. Feuerstein

_____
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                            :
SECURITIES AND EXCHANGE COMMISSION,                         :
                                                            :
                         Plaintiff,                         :    Civ. A. No. 04-2276 (SJF)
                                                            :
              - against-                                    :
                                                            :
SYMBOL TECHNOLOGIES, INC., et al.,                          :
                                                            :
                         Defendants.                        :
                                                            :
------------------------------------------------------------x

## CONSENT OF DEFENDANT ROBERT DONLON

1. Defendant Robert Donlon ("Donlon") acknowledges having been served with a summons and the complaint in this action, admits having entered a general appearance, admits the Court's jurisdiction over Donlon and over the subject matter of this action, and acknowledges having consented to the Court's entry of a Partial Final Judgment of Permanent Injunction and Other Relief as to Donlon, which was so ordered on January 18, 2008.

2. Donlon hereby consents to the entry of the final Judgment in the form attached hereto (the "Final Consent Judgment") and incorporated by reference herein, which, among other things orders Donlon to pay disgorgement in the amount of $28,516.00, plus prejudgment interest thereon in the amount of $6,109.30; and based on the sentence Donlon received pursuant to his guilty plea in *U.S. v. Razmilovic* and his cooperation with criminal authorities therein and in this related Commission enforcement action, does not order Donlon to pay a civil penalty.

3. Donlon acknowledges that the Court is not imposing a civil penalty based in part on Donlon's cooperation with criminal authorities in *U.S. v. Razmilovic* and with the Commission herein. Donlon consents that if at any time following the entry of the Final Consent

1

Judgment the Commission obtains information indicating that Donlon knowingly provided materially false or misleading information or materials to the Commission herein, to criminal authorities in *U.S. v. Razmilovic*, or in another related proceeding, the Commission may, at its sole discretion and without prior notice to Donlon, petition the Court for an order requiring Donlon to pay a civil penalty. In connection with the Commission's motion for civil penalties, and at any hearing held on such a motion: (a) Donlon will be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint; (b) Donlon may not challenge the validity of the Final Consent Judgment, this Consent, the Partial Consent Judgment, his consent thereto so dated December 7, 2007, or any related Undertakings; (c) the allegations of the Complaint, solely for the purposes of such motion, shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. Under these circumstances, the parties may take discovery, including discovery from appropriate non-parties.

4. Donlon waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5. Donlon waives the right, if any, to a jury trial and to appeal from the entry of the Final Consent Judgment.

6. Donlon enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Donlon to enter into this Consent.

7. Donlon agrees that this Consent shall be incorporated into the Final Consent Judgment with the same force and effect as if fully set forth therein.

8. Donlon will not oppose the enforcement of the Final Consent Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

9. Donlon waives service of the Final Consent Judgment and agrees that entry of the Final Consent Judgment by the Court and filing with the Clerk of the Court will constitute notice to Donlon of its terms and conditions. Donlon further agrees to provide, within thirty days after the Final Consent Judgment is filed with the Clerk of the Court, an affidavit or declaration stating that Donlon has received and read a copy of the Final Consent Judgment to Todd Brody Esq., Securities and Exchange Commission, 3 World Financial Center, New York, New York 10281.

10. Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Donlon in this civil proceeding. Donlon acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Donlon waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Donlon further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of,

a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Donlon understands that he shall not be permitted to contest the factual allegations of the Complaint in this action.

11. Donlon understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings." 17 C.F.R. § 202.5. In compliance with this policy, Donlon agrees: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the Complaint is without factual basis; and (ii) that upon the filing of this Consent, Donlon hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint. If Donlon breaches this agreement, the Commission may petition the Court to vacate the Final Consent Judgment and restore this action to its active docket. Nothing in this paragraph affects Donlon's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

12. Donlon hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Donlon to defend against this action. For these purposes, Donlon agrees

that Donlon is not the prevailing party in this action since the parties have reached a good faith settlement.

13. In connection with this action and any related judicial or administrative proceeding or investigation commenced by the Commission or to which the Commission is a party, Donlon (i) agrees to appear and be interviewed by Commission staff at such times and places as the staff requests upon reasonable notice; (ii) will accept service by mail or facsimile transmission of notices or subpoenas issued by the Commission for documents or testimony at depositions, hearings, or trials, or in connection with any related investigation by Commission staff; (iii) appoints Donlon's undersigned attorney as agent to receive service of such notices and subpoenas; (iv) with respect to such notices and subpoenas, waives the territorial limits on service contained in Rule 45 of the Federal Rules of Civil Procedure and any applicable local rules, provided that the party requesting the testimony reimburses Donlon's travel, lodging, and subsistence expenses at the then-prevailing U.S. Government per diem rates; and (v) consents to personal jurisdiction over Donlon in any United States District Court for purposes of enforcing any such subpoena.

14. Donlon agrees that the Commission may present the Final Consent Judgment to the Court for signature and entry without further notice.

15. Donlon agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Consent Judgment.

Dated: 10/22/12

_____
Robert Donlon

On 10/22, 2012, _____, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

_____
Notary Public
Commission expires:

NOTARIAL SEAL
MARY A VALENTA
Notary Public
MOOSIC BOROUGH, LACKAWANNA CNTY
My Commission Expires Jan 31, 2014

6