UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X

SECURITIES AND EXCHANGE COMMISSION,

                Plaintiff,

        -against-

TOMO RAZMILOVIC,

                Defendant.
---------------------------------------------------------X
FEUERSTEIN, J.

**ORDER**

CV-04-2276 (SJF)(SIL)

FILED
IN CLERK'S OFFICE
US DISTRICT COURT EDNY

★ NOV 0 6 2014 ★

LONG ISLAND OFFICE

I.    Procedural History

On June 3, 2004, the Securities and Exchange Commission ("SEC") commenced this action against defendant Tomo Razmilovic ("Razmilovic"), and others[1], alleging claims, *inter alia*, for violations of Section 17(a) of the Securities Act of 1933 ("the Securities Act"), 15 U.S.C. § 77q(a); Sections 10(b), 13(a), 13(b)(2) and 13(b)(5) of the Securities Exchange Act of 1934 ("the Exchange Act"), 15 U.S.C. §§ 78j(b), 78m(a), 78m(b)(2) and 78m(b)(5), and Rules 10b-5, 12b-20, 13a-1, 13a-13, 13b2-1 and 13b2-2 thereunder, 17 C.F.R. §§ 240.10b-5, 240.12b-20, 240.13a-1, 240.13a-13, 240.13b2-1 and 240.13b2-2, and seeking, *inter alia*: (1) to permanently enjoin

---

[1] The complaint named the following additional defendants: Symbol Technologies, Inc. ("Symbol"), Kenneth Jaeggi ("Jaeggi"), Leonard Goldner ("Goldner"), Brian Burke ("Burke"), Michael DeGennaro ("DeGennaro"), Frank Borghese ("Borghese"), Christopher DeSantis ("DeSantis"), James Heuschneider ("Heuschneider"), James Dean ("Dean"), Robert Donlon ("Donlon") and Gregory Mortenson ("Mortenson"). Final consent judgments were entered against: (1) Symbol on June 15, 2004, (Doc. No. 5), as amended on January 23, 2007; (2) Goldner on February 13, 2006, (Doc. No. 41); (3) Heuschneider, Jaeggi and DeSantis on November 2, 2009, (Doc. Nos. 126, 127 and 128, respectively); (4) Borghese on February 22, 2010, (Doc. No. 169); (5) DeGennaro on April 6, 2010, (Doc. No. 229); (6) Dean and Burke on July 10, 2012, (Doc. Nos. 322 and 323, respectively); and (7) Donlon on December 12, 2012, (Doc. No. 343). Judgment was entered against Mortenson on March 18, 2013. (Doc. No. 347).

1

Razmilovic from future violations of the securities laws, from controlling any person who violates the securities laws and from acting as an officer or director of a public company; (2) disgorgement of all profits realized by Razmilovic as a result of his violations of the securities laws, including prejudgment interest thereon; and (3) civil monetary penalties pursuant to Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3), and Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d). (Compl., ¶ 14, pp. 78-82).

On July 21, 2009, the SEC served Razmilovic's counsel with a notice to take Razmilovic's deposition at the SEC's offices in New York on Monday, September 28, 2009. (See Motion to Compel, Doc. No. 100, Ex. B). Razmilovic's counsel informed the SEC that Razmilovic refused to appear for a deposition in the United States[2] and alternatively proposed conducting an in-person deposition of Razmilovic in Sweden or a deposition via videoconference. (Id., Ex. F). By order dated October 9, 2009, I, *inter alia*, granted the SEC's subsequent motion to compel the deposition of Razmilovic in person on or before October 22, 2009, as provided in the SEC's notice of deposition; denied Razmilovic's motion to conduct his deposition via videoconference; and advised that Razmilovic's failure to appear in person for the deposition as noticed could result in sanctions being imposed against him and/or his attorneys pursuant to Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure, including the entry of a default judgment against him. (Doc. No. 109). Razmilovic failed to appear for the deposition as directed by the October 9, 2009 order.

On December 21, 2009, the SEC moved, pursuant to Rule 37 of the Federal Rules of Civil Procedure, for a default judgment against Razmilovic based upon his failure to comply with this Court's October 9, 2009 order. (Doc. No. 137). On December 22, 2009, I granted the SEC's

---

[2] At that time, Razmilovic resided in Sweden, where he fled following his indictment on criminal charges relating to the pervasive fraud scheme at Symbol.

motion for a default judgment against Razmilovic pursuant to Rule 37 of the Federal Rules of Civil Procedure based upon his failure to comply with this Court's October 9, 2009 order. By order dated February 25, 2010, I denied Razmilovic's motion for reconsideration of the December 22, 2009 order.

On March 15, 2010, a bench trial commenced to determine the appropriate remedies for Razmilovic's violations of the securities laws established by the entry of a default judgment against him. The SEC rested its case-in-chief on that date. The following day, the trial was continued to May 10, 2010[3]. On March 17, 2010, at my request, counsel for Razmilovic filed a joint proposed scheduling order which directed, *inter alia*: (1) the SEC to (a) notify Razmilovic's counsel by March 19, 2010 if it intended to call an expert witness, (b) provide Razmilovic's counsel with the name and curriculum vitae of any such expert witness immediately upon the selection of that expert and (c) serve upon Razmilovic's counsel an expert witness report on or before April 9, 2010; (2) Razmilovic to serve on the SEC's counsel any revised or updated expert report by his previously-identified expert witness on or before April 9, 2010; and (3) both parties to submit to the Court no later than April 30, 2010 a revised joint pretrial order, reflecting any additional exhibits and/or witnesses either party proposed to offer or call during the continued trial. That proposed order was approved and signed by me on March 18, 2010 and entered as an order of the Court on March 19, 2010.

On April 5, 2010, Razmilovic filed a motion for judgment on partial findings pursuant to Rule 52(c) of the Federal Rules of Civil Procedure. On April 12, 2010, I granted, over

---

[3] I subsequently granted Razmilovic's request to adjourn the trial date and adjourned the trial date until June 21, 2010.

Razmilovic's objection, the SEC's motion to reopen its case-in-chief to call Edward S. O'Neal[4] as an expert witness and to admit into evidence O'Neal's report and two (2) additional exhibits.

By order entered June 15, 2010, I, *inter alia*, denied Razmilovic's motion for judgment on partial findings. During the proceedings on June 21, 2010, I, *inter alia*, denied the parties' respective motions to exclude the testimony of each other's expert witness at trial and, over the SEC's objection, granted Razmilovic's request to determine the remaining issues upon submission of experts' reports, deposition transcripts and post-hearing briefs. Accordingly, the trial was adjourned *sine die* and a briefing schedule was set.

On September 30, 2011, I issued a Memorandum of Decision containing findings of fact and conclusions of law in accordance with Rule 52(a) of the Federal Rules of Civil Procedure, (1) concluding, *inter alia*, (a) that Razmilovic is permanently enjoined from violating Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a), and Sections 10(b) 13(a), 13(b)(2) and 13(b)(5) of the Exchange Act, 15 U.S.C. §§ 78j(b), 78m(a), 78m(b)(2) and 78m(b)(5), and Rules 10b-5, 240.12b-20, 240.13a-1, 240.13a-13, 13b2-1 and 13b202 thereunder, 17 C.F.R. §§ 240.10b-5, 240.12b-20, 240.13a-1, 240.13a-13, 240.13b2-1 and 240.13b2-2, (b) that Razmilovic is liable to disgorge the total amount of forty-one million seven hundred fifty-three thousand six hundred twenty-three dollars and four cents ($41,753,623.04), plus prejudgment interest on that full disgorgement amount, (c) that a civil penalty shall be imposed upon Razmilovic in the amount of twenty million eight hundred seventy-six thousand eight hundred eleven dollars and fifty-two cents ($20,876,811.52), and (d) that Razmilovic is permanently prohibited from serving as an officer or director of any public company; and (2) directing the SEC to file, within thirty (30) days from the

---

[4] I had previously granted the SEC leave to call O'Neal as a rebuttal witness, if necessary.

date thereof, a proposed judgment calculating prejudgment interest at the IRS underpayment rate, 26 U.S.C. § 6621(a)(2), as set forth therein, through the date of entry of the judgment. On November 29, 2011, Razmilovic filed a notice of appeal of the Memorandum of Decision.

By order dated January 24, 2012, the SEC's motion for the entry of judgment against Razmilovic pursuant to Rule 54(b) of the Federal Rules of Civil Procedure was granted. On January 27, 2012, final judgment was entered against Razmilovic in accordance with the Memorandum of Decision, with the exception that, due to an apparent clerical error, the amount of the civil penalty included in the judgment prepared by the SEC was twenty-two million eight hundred seventy-six thousand eight hundred eleven dollars and fifty-two cents ($22,876,811.52), two million dollars ($2,000,000.00) more than the amount of the civil penalty imposed in the Memorandum of Decision. On February 3, 2012, Razmilovic filed a notice of appeal of the final judgment against him.

By mandate entered April 2, 2014, the United States Court of Appeals for the Second Circuit: (1) vacated only so much of the judgment as ordered Razmilovic (a) to pay prejudgment interest on the full disgorgement amount, i.e., in the amount of twenty-seven million two hundred sixty thousand nine hundred fifty-three dollars and ninety-nine cents ($27,260,953.99), and (b) to pay a civil penalty in the amount of twenty-two million eight hundred seventy-six thousand eight hundred eleven dollars and fifty-two cents ($22,876,811.52); (2) remanded the matter for further proceedings (a) to determine the appropriate amount of prejudgment interest Razmilovic is to pay and (b) to correct the amount of the civil penalty to twenty million eight hundred seventy-six thousand eight hundred eleven dollars and fifty-two cents ($20,876,811.52); and (3) otherwise affirmed the judgment against Razmilovic.

II.  Discussion

   A.  Civil Penalty

Pursuant to the mandate and Rule 60(a) of the Federal Rules of Civil Procedure, page six (6) of the final judgment entered in this action on January 27, 2012 is corrected to reflect that Razmilovic

> "shall pay a civil penalty of *$20,876,811.52* pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)], for a total of *$89,891,388.55*. Razmilovic shall satisfy this obligation by paying *$89,891,388.55* within ten business days after entry of this Final Judgment by certified check to the Clerk of the Court (United States District Court, Eastern District of New York, Long Island Courthouse, 100 Federal Plaza, Central Islip, New York 11722)."[5]

Accordingly, the Clerk of the Court shall enter the Corrected Final Judgment as to Defendant Tomo Razmilovic dated November 6, 2014 ("the Corrected Judgment").

   B.  Prejudgment Interest

With respect to the issue of prejudgment interest, the mandate provides, in relevant part:

> "If Razmilovic's frozen $17,379,735 is to remain frozen in connection with still-pending criminal charges against Razmilovic, Razmilovic would be obligated to pay the entire $41,753,623.04 disgorgement amount ordered in this civil enforcement action; and given the nonpunitive, remedial purpose of disgorgement, it would be within the district court's discretion to order him to pay prejudgment interest on that entire amount. If, however, Razmilovic's frozen funds are to be used in partial satisfaction of his disgorgement obligation, we would conclude that Razmilovic should not be required to pay prejudgment interest on such funds as were frozen, for the period during which they were frozen.

---

[5] In addition, the Court corrected an apparent typo on page six (6) of the Final Judgment, i.e., the misspelling of the word "Commission" as "Commisison."

> On remand, the government will be required to decide whether to
> apply the frozen $17.4 million to the judgment in the present case
> and forgo prejudgment interest on it, or to persist in demanding
> prejudgment interest on the entire forfeiture amount. But for the
> reasons stated above, a judgment granting prejudgment interest on
> the entire forfeiture amount would preclude the application of the
> $17.4 million to this civil judgment."

(Mandate, at 35-36).

After hearing nothing from the SEC in response to the mandate, by electronic order dated October 22, 2014, I directed the SEC to serve and file a status report in accordance with the mandate, i.e., indicating whether it will "apply the frozen $17.4 million to the judgment in the present case and forgo prejudgment interest on it, or [] persist in demanding prejudgment interest on the entire forfeiture amount," (id.), on or before November 5, 2014. On November 3, 2014, the SEC filed a status report indicating, in relevant part, that

> "the SEC intends to apply the frozen $17.2 [sic] million to the
> judgment in this case and the SEC will not seek prejudgment interest
> on that amount. However, it is our understanding that there is
> presently a forfeiture action regarding that same frozen money
> pending before this Court (CV-14-0367). It is possible that, as a
> result of that action (or some other event), the frozen money will not
> be available to satisfy the SEC's judgment. If that happens, then the
> SEC will seek to enforce its judgment against any and all of
> Razmilovic's assets and the SEC will also seek interest on the entire
> amount of the judgment."

(Doc. No. 352). Thus, the SEC has not complied with either the Second Circuit's mandate requiring it to decide, one way or the other, whether to apply the frozen funds to the judgment in this case, or this Court's electronic order dated October 22, 2014, requiring it to inform this Court of its decision one way or the other. Accordingly, I deem the SEC to have waived its right to decide whether to apply the frozen funds to the judgment in this case.

Since Razmilovic's $17.4 million remain frozen in connection with the still-pending

7

criminal charges against him, and, indeed, are the subject of a forfeiture action pending before me under docket number 14-cv-0367, Razmilovic is "obligated to pay the entire $41,753,623.04 disgorgement amount * * *; and given the nonpunitive, remedial purpose of disgorgement, it [is] within [my] discretion to order him to pay prejudgment interest on that entire amount." (Mandate, at 35). Accordingly, the SEC is granted prejudgment interest on the entire disgorgement amount, in the amount set forth in the final judgment entered on January 27, 2012, i.e., twenty-seven million two hundred sixty thousand nine hundred fifty-three dollars and ninety-nine cents ($27,260,953.99), and, for the reasons set forth in the mandate, is, thus, precluded from applying Razmilovic's frozen funds to the judgment in this case.

III. Conclusion

For the reasons set forth above, (1) the final judgment entered in this action on January 27, 2012 is corrected in accordance herewith pursuant to the Second Circuit's mandate and Rule 60(a) of the Federal Rules fo Civil Procedure; and (2) the SEC is granted prejudgment interest on the entire disgorgement amount, in the amount set forth in the final judgment entered on January 27, 2012, i.e., twenty-seven million two hundred sixty thousand nine hundred fifty-three dollars and ninety-nine cents ($27,260,953.99), and is, thus, precluded from applying Razmilovic's frozen funds to the judgment in this case. The Clerk of the Court shall enter the Corrected Judgment and close this case.

SO ORDERED.

s/ Sandra J. Feuerstein
_____
Sandra J. Feuerstein
United States District Judge

Dated: November 6, 2014
       Central Islip, New York