FILED
CLERK
8/14/2015 1:45 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
SECURITIES AND EXCHANGE COMMISSION,

                Plaintiff,

  - against-

TOMO RAZMILOVIC,

                Defendant.
----------------------------------------------------------------X

**OPINION AND ORDER**
**04-CV-2276 (SJF)(SIL)**

FEUERSTEIN, J.

      Pending before the Court is the motion of plaintiff Securities and Exchange Commission ("SEC") pursuant to Local Rule 6.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Local Rule 6.3") seeking, *inter alia*, reconsideration of (1) so much of this Court's order dated November 6, 2014 ("the November Order") as (a) found that the SEC waived its right to decide whether to apply the funds of defendant Tomo Razmilovic ("Razmilovic") that were frozen by the United States Government ("the Government") in connection with still-pending criminal charges against him to the final judgment entered against Razmilovic in this action, and (b) granted the SEC prejudgment interest on the entire forfeiture amount set forth in the final judgment entered against Razmilovic on January 27, 2012, thereby precluding the SEC from applying Razmilovic's frozen funds to the corrected final judgment entered against him in this action on November 6, 2014; and (2) this Court's summary order, dated November 10, 2014 ("the Summary Order"), denying the SEC's letter motion seeking to alter the corrected final judgment entered against Razmilovic on November 6, 2014, presumably pursuant to Rule 59(e) of the Federal Rules of Civil Procedure ("the Rule 59(e) motion"). For the reasons set forth below, the SEC's motion for reconsideration is granted

1

but, upon reconsideration, I adhere to my original determinations in the November Order and Summary Order.[1]

I. DISCUSSION

    A. Standard of Review

Local Rule 6.3 provides, in relevant part, that a "notice of motion for reconsideration or reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the court's determination of the original motion * * *. There shall be served with the notice of motion a memorandum setting forth concisely the matters or controlling decisions which counsel believes the court has overlooked." The requirements of Local Rule 6.3 are "narrowly construed and strictly applied," Chepilko v. Cigna Life Ins. Co. of N.Y., 952 F. Supp. 2d 629, 631 (S.D.N.Y. 2013) , aff'd, 590 F. App'x 98 (2d Cir. Jan. 22, 2015) (quotations and citations omitted); see also U.S. v. Yudong Zhu, 41 F. Supp. 3d 341, 342 (S.D.N.Y. 2014), "so as to avoid duplicative rulings on previously considered issues, and to prevent Rule 6.3 from being used to advance different theories not previously argued or as a substitute for appealing a final judgment." Anwar v. Fairfield Greenwich Ltd., 950 F. Supp. 2d 633, 638 (S.D.N.Y. 2013); see also Schoolcraft v. City of New York, 298 F.R.D. 134, 137 (S.D.N.Y. 2014).

In determining a motion for reconsideration, the court should consider: (1) whether there has been "an intervening change of controlling law;" (2) whether there is new evidence presented that was not previously available on the original motion; and (3) whether there is a "need to

---

[1] As the SEC has not shown a need for oral argument, its request to orally argue its motion is denied.

correct a clear error or prevent manifest injustice." Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust, 729 F.3d 99, 104 (2d Cir. 2013) (quoting Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992)). "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked-- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp. Inc., 70 F.3d 255, 257 (2d Cir. 1995); see also Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012), cert. denied, 133 S. Ct. 1805, 185 L. Ed. 2d 812 (2013) (accord). Generally, reconsideration will not be granted where the moving party: (1) seeks to introduce additional facts not in the record on the original motion, see Rafter v. Liddle, 288 F. App'x 768, 769 (2d Cir. Aug. 13, 2008) (summary order) (holding that motions for reconsideration "are not vehicles for taking a second bite at the apple * * * and [the court] [should] not consider facts not in the record to be facts that [it] 'overlooked.'" (internal quotations and citation omitted)); Redd v. New York State Div. of Parole, 923 F. Supp. 2d 393, 396 (E.D.N.Y. 2013) (holding that on a motion for reconsideration, the moving party must "demonstrate that any available factual matters * * * were presented to the court on the underlying motion" and that such motions are "not intended as * * * a chance for a party to take a second bite at the apple." (quotations and citations omitted)); (2) advances new arguments or issues that could have been raised on the original motion, Analytical Surveys, 684 F.3d at 52 (holding that reconsideration "is not a vehicle for * * * presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple[.]'" (quotations and citation omitted)); Redd, 923 F. Supp. 2d at 396 ("A motion for reconsideration is not intended as a vehicle for a party dissatisfied with the Court's ruling to advance new theories that

3

the movant failed to advance in connection with the underlying motion * * *." (quotations and citations omitted)); or (3) "seeks solely to relitigate an issue already decided," Shrader, 70 F.3d at 257; see also Analytical Surveys, 684 F.3d at 52 (holding that reconsideration "is not a vehicle for relitigating old issues * * *." (quotations and citation omitted)). It is within the sound discretion of the district court whether or not to grant a motion for reconsideration. See Gupta v. Attorney Gen. of United States, 52 F. Supp. 3d 677, 679-80 (S.D.N.Y. 2014); Callari v. Blackman Plumbing Supply, Inc., 988 F. Supp. 2d 261, 287 (E.D.N.Y. 2013).

B. Plaintiff's Motion

As the SEC is claiming a purported need "to correct a clear error and prevent manifest injustice," (Plaintiff's Memorandum of Law in Support of is Motion for Reconsideration of the Court's November 6, 2014 and November 12, 2014 Orders ["SEC Mem."], at 7), its motion for reconsideration is granted. However, upon reconsideration, I adhere to my original determinations in the November Order and Summary Order.

1. The November Order

The SEC contends, *inter alia*, that the requirements for waiver are not met in this case because it did not intentionally waive a known right. According to the SEC, since it expressly indicated that it would seek to enforce the final judgment against Razmilovic's frozen funds in its November 3, 2014 status report to the Court, it did not waive its right to do so.

However, the SEC's arguments in support of its contention actually confirm that it did not make the election ordered by both the Second Circuit and this Court's status report order

dated October 22, 2014 ("the October Order") prior to the entry of the corrected final judgment in this case. Specifically, the SEC maintains, *inter alia*, (1) that its "status report sought to inform the Court that, as a result of the intervening civil forfeiture action following the Second Circuit's decision, making an election on th[e] issue [of whether to apply Razmilovic's frozen funds to the final judgment in this case and forgo prejudgment interest thereon, or to persist in demanding prejudgment interest on the entire forfeiture amount] * * * would be premature[,]" (SEC Mem. at 2); and (2) that "[i]t was only *after* the Court issued its November 6 order and [corrected] judgment, * * * that the SEC immediately advised the Court * * * of its election to forgo prejudgment interest, notwithstanding the uncertainty surrounding its ability to collect the frozen funds." (Id.) (emphasis added). By failing to act in compliance with the Second Circuit's mandate and this Court's October Order, the SEC "evinced an intent not to claim the purported advantage" of being able to elect whether or not to apply the frozen funds to the judgment in this action, Kroshnyi v. U.S. Pack Courier Servs., Inc., 771 F.3d 93, 111 (2d Cir. 2014), and, thus, waived its right to do. See id.; IBJ Schroder Bank & Trust Co. v. Fairfield Communities, Inc., 178 F.3d 78, 84 (2d Cir. 1999). Accordingly, this Court's determination in the November Order that the SEC waived its right to elect whether or not to apply the frozen funds to the judgment in this action by failing to comply with the clear directives in both the Second Circuit's mandate and this Court's October Order was not clearly erroneous and, thus, it was entirely within this Court's discretion to award the SEC prejudgment interest on the entire forfeiture amount.

Moreover, no "manifest injustice" will result from the November Order since, *inter alia*, the civil forfeiture action involving the frozen funds has since been settled and, thus, the frozen funds forfeited under the settlement will be unavailable to satisfy the judgment in favor of the

5

SEC in this action.

Since the SEC has not demonstrated that there is any error in, or manifest injustice resulting from, the November Order, nor that I overlooked any matters that might reasonably be expected to alter the conclusion reached therein, I adhere to my original determination in the November Order.

        2.        Summary Order

Since the SEC did not comply with my individual rules for motion practice in filing its Rule 59(e) motion, e.g., it was filed as a letter motion, not as a fully-briefed motion pursuant to Rule 4 of my individual rules, there is no clear error in, or manifest injustice resulting from, the Summary Order, particularly since my individual rules clearly provide that a failure to abide thereby "shall result in the motion being terminated without prejudice * * *."[2]  Since the SEC has not demonstrated that there is any error in, or manifest injustice resulting from, the Summary Order, nor that I overlooked any matters that might reasonably be expected to alter the conclusion reached therein, I adhere to my original determination in the Summary Order.

II.        Conclusion

For the reasons stated herein, plaintiff's motion for reconsideration of the November

---

[2] A motion for reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure is considered to be a dispositive motion.  Cf. In re Brown, 409 F. App'x 591, 592-93 (3d Cir. Jan. 21, 2011) (*per curiam* opinion) (holding that a magistrate judge could not decide a Rule 59(e) motion absent the parties' consent pursuant to 28 U.S.C. § 636(c) since 28 U.S.C. § 636(b)(1) only authorizes magistrate judges to recommend dispositions of, but not decide, dispositive motions).

Order and Summary Order is granted but, upon reconsideration, I adhere to my original determinations therein.

SO ORDERED.

                                                                     /s/
                                        SANDRA J. FEUERSTEIN
                                        United States District Judge

Dated: August 14, 2015
       Central Islip, N.Y.